PER CURIAM.
The City of Miami, its Chief of Police and the City Manager and Director of Public Safety, have appealed, seeking review of a judgment awarding a peremptory writ of mandamus.
The appellee’s petition for alternative writ of mandamus alleged that he was the number one man on the eligible'register for promotion to Detective Lieutenant in the Detective Bureau of the Police Division of the City of Miami; that an actual vacancy exists in the rank of Detective Lieutenant to which rank he is entitled to promotion by virtue of his satisfactory completion of the competitive examination. He further contended that the appellant Chief of Police has a duty to requisition the filling of the vacancy and likewise the City Manager has a duty to fill said position since art actual vacancy does exist.
In the judgment appealed, the trial court found that a vacancy existed in the rank of Detective Lieutenant and that the ap-pellee was entitled to fill the vacancy. The trial court then commanded the appellants to do all acts necessary to instate the ap-pellee as a detective lieutenant.
The appellants urge two questions upon which they rely for reversal, i. e., (1) is it mandatory as a matter of law that the city manager promote the appellee who is-eligible and qualified for promotion to the position of detective lieutenant, upon a vacancy occurring in that position? and (2) is mandamus the proper remedy to review the action of the city manager in. failing to make such promotion?
*433 Mandamus is defined as a remedy to command performance of a ministerial act which the petitioner has a right to demand, State ex rel. Eldredge v. Evans, Fla.App.1958, 102 So.2d 403; City of Miami v. State ex rel. Houston, Fla.App. 1960, 120 So.2d 459. As indicated in 21 Fla.Jur., Mandamus, § 29:
“Every application for mandamus presents the questions whether there is a right in the petitioner to the enforcement of which the remedy may be directed; whether there is a duty imposed by law upon the respondent; and whether that duty is of an imperative, ministerial character, involving no judgment or discretion on the part of the officer, body, or person whose coercion is sought.”
The appellee predicates his right to promotion on Rule XII, Sec. 1, of the Civil Service Rules and Regulations of the City of Miami, which provides:
“Vacancies in higher positions in the classified service shall be filled by promotion or advancement of employees, qualified by examination, from the lower classifications of the same group.” (Emphasis supplied.)
This rule provides the method by which a vacancy shall be filled and leaves no discretion as to the manner in which this is to be done. However, this rule does not place a legal duty upon the chief of police or the city manager to immediately fill a vacancy when it occurs, nor has the ap-pellee demonstrated in the record or by his brief, any other rule by virtue of which this duty exists. Clearly, to warrant issuance of the writ, there must be some duty imposed upon the appellants by law to perform the act whose enforcement is sought. See Ferris v. Board of Public Instruction of Sumter County, Fla.App. 1960, 119 So.2d 389. There has been no clear showing of a legal duty upon the appellants to fill the vacancy, nor is. there presented a clear legal right in the appellee to be promoted.
The appellee was not entitled to be promoted to the position of detective lieutenant while the city manager in the exercise of administrative discretion chose to leave the position vacant.
For the reasons stated, the judgment appealed is reversed and the cause remanded with directions to quash the peremptory writ and dismiss the petition.
Reversed and remanded with directions.
HORTON, C. J., and CARROLL, CHAS., J., and SMITH, D. R., Associate Judge, concur.