PER CURIAM.
The appellees are detectives in the division of police of the' City of Miami, and were, on May 13, 19S8, certified by the civil service board as having passed promotional examinations for the rank of detective sergeant; thereafter, they were placed on the eligible roster as qualified for promotion to such position. The eligible list upon which the appellees were placed would have expired on May 13, 1959, but by order of the civil service board was extended an additional year to May 13, 1960. From the time they attained their positions on the eligibility roster until the time of the filing of this action, several vacancies in the rank of detective sergeant occurred in the division of police. However, on December 9, 1959, the city manager issued an order freezing all promotions as an economy measure. As a result of the city manager’s action, the appellees did not receive promotions, nor has the city manager filled these positions which the appellees claimed they would have been entitled to fill under the prevailing civil service rules and regulations.
As a result of the aforementioned facts, the appellees instituted a proceeding for declaratory relief in which they contended they had a right to fill by promotion the alleged vacancies in the position of detective sergeant, and that the actions of the city manager in failing to promote them to such positions and his freeze order of December 9, 1959, deprived them of such rights and the emoluments of the offices.
The appellants answered and contended in substance that the city manager, under the charter, was granted the sole discretion in determining the number of police officers and, by ordinance was granted the authority to abolish positions in the interests of efficient and economic administration, and further, that no rights vested in the appellees to the promotion notwithstanding the admitted fact that they occupied positions on the eligibility roster that would have permitted their promotion in the event vacancies were filled. Upon a trial of the issues, the chancellor granted the relief prayed by the appellees and promoted each of the appellees to the position of detective sergeant, retroactive to the day on which the court determined that the promotions should have been made and the vacancies filled, and further directed the appellants to do all things necessary to effect such promotions. It is from this decree that the appellants appeal.
On appeal the appellants contend that as a matter of law the city manager is not required to promote when vacancies occur which could be filled by promotion. This contention is well taken.
The Supreme Court of Florida, in State ex rel. Norris v. Chancey, 129 Fla. 194, 176 So. 78, 87, 113 A.L.R. 576, was confronted by an appeal in a mandamus proceeding brought by the civil service board of Tampa in an effort to restore former city employees to their positions from which they had previously been suspended for economic reasons. It was contended that the employees could not be legally removed unless the position was, in good faith, abolished or unless the removal was for cause after hearing before the civil service board. In disposing of this contention, the court said:
“Our conclusion, from these sections of the City Charter and of the Civil Service Rule set forth in the alternative writ, is that whenever it becomes *519 necessary to reduce the number of employees in the classified service in any department of the city of Tampa, whether demanded by necessary economy or by it becoming apparent that an unnecessary number are employed in the work of such department, such reduction in the' number of employees may be made, without resorting to the preferment of charges by the mayor and filing with the board, and securing a majority vote of the board, as must be done in all other cases; but where such removals are necessary to be made for purposes of economy, or where an unnecessary number are employed in the work of a department, and it shall thereafter become necessary to obtain additional employees for a like service in any such department or departments in the classified service, employees previously thus removed or suspended, shall be, to the number required, reinstated without examination, and in case any such employees shall refuse reinstatement, a new employee to fill his place should be obtained from the eligible register of the civil service, as provided in rule 10 above quoted, unless this rule be waived by the board for the reason set forth in said rule.”
The appellees have not directed our attention to any legal precedent, and our research has failed to uncover any, that establishes any rights in a municipal employee to a promotion; therefore, the actions of the city manager in failing or refusing to fill vacancies because of economic conditions is a matter which we conclude was within his discretion.
We are unable to reconcile the charter powers granted the city manager with the contentions of the appellees that the city manager is required to fill a vacancy when one exists. To adopt the appellees’ position would render impotent the charter provision that grants to the city manager the discretion to determine the number of police officers as well as his right by ordinance to abolish positions in the interests' of efficient and economic administration.To state the proposition another way would be to say that the city manager, when a vacancy occurred, had no discretion but to fill the vacancy regardless of whether or not he, as the chief executive officer of the city, deemed it beneficial from an economic or efficiency standpoint to do so.
In view of the opinions expressed, it follows that the decree appealed should be and it is hereby reversed.
Reversed.