PER CURIAM.
These cases were consolidated for trial and for appeal, and this opinion shall be determinative of both cases.
The appellees are policemen of the City of Miami who were placed on the promotional eligibility register which was to expire on May 26, 1959. By order of the civil service board, this expiration date was extended one year to May 26, 1960. On December 9, 1959, the city manager issued an order freezing all promotions as an economy measure. This order was lifted on September 9, 1960. On May 25, 1960, appellees brought suits seeking declaratory decree and such other relief as the court might deem proper. Their basic contention was that if the register was allowed to expire on May 26, 1960, they would be deprived of their right to promotion. After hearing, the chancellor, on March 20, 1961, entered the final decrees appealed which, inter alia, extended the expiration date of the register for nine months and ordered appellants to promote appellees to vacancies which occurred on August 29 and November 12, 1960.
*179 The appellants contend the chancellor erred in that the effect of these decrees is to impose upon the city manager a duty he is not legally bound to perform. We find this contention to have merit.
In City of Miami v. Elmore, Fla.App. 1961, 131 So.2d 517, this court held that a municipal employee was not entitled to promotion as a matter of right, saying (p. 519):
“We are unable to reconcile the charter powers granted the city manager with the contentions of the ap-pellees that the city manager is required to fill a vacancy when one exists. To adopt the appellees’ position would render impotent the charter provision that grants to the city manager the discretion to determine the number of police officers as well as his right by-ordinance to abolish positions in the interests of efficient and economic administration. To state the proposition another way would be to say that the city manager, when a vacancy occurred, had no discretion but to fill the vacancy regardless of whether or not he, as the chief executive officer of the city, deemed it beneficial from an economic or efficiency standpoint to do so.”
See also City of Miami v. Rezeau, Fla.App.1961, 129 So.2d 432.
The chancellor was correct in extending the period of eligibility of those then on an eligibility list for the period of the freeze order. Thus, if an employee’s time on an eligibility list was to expire on May 26, 1960, and a freeze order was made on December 9, 1959, and allowed to remain in effect for nine months, such freeze order would operate to cut off approximately five and one-half' months of the time that employee was entitled to on the eligibility list. Therefore, in all fairness and justice, that employee should have a continuation of such eligibility for an additional period of five and one-half months after the freeze is ended. In these cases it was not shown that any promotional vacancies occurred and were acted upon during the period of five and one-half months after the termination of the freeze order. For that reason, the point made here may not be of any practical value or effect in the present cases, but it could be important on the occasions of other such freeze orders.
The decrees appealed are reversed with directions to dismiss the complaints.
Reversed with directions.