PER CURIAM.
The defendants, The City of Miami, its chief of police, city manager and secretary of the civil service board, and members of the board, appeal from a declaratory judgment relating to the promotional status of certain police officers.
Appellants challenge the correctness of the holding of the trial court that promotions of police officers Herbert Altman and Jack Speakman from police sergeant to police lieutenant, which were made in July of 1970, were improper and should be set aside. Those officers were in the top positions eligible for promotion on the two-year civil service promotional register which expired July 15, 1970. Just prior to expiration thereof those officers were appointed to fill temporary vacancies in the position of police lieutenant. Altman’s temporary appointment was to fill a vacancy when Lieutenant Murphy was promoted to captain. Subsequently, after his register had expired, Altman was continued in the higher office as probationary and in due course received the permanent position. *548 Speakman was appointed to an additional temporary position to fill a vacancy created by Lieutenant Nichols, who was ill and not expected to return to duty. He subsequently succeeded to the permanent position.
The civil service rules and regulations of the City of Miami relating to promotions (Rule XII) contain provision for temporary promotions to be made from the appropriate eligible register. The rule then states: “The name of the candidate so appointed in temporary status shall remain on the eligible register so long as the position remains temporary, the register remains valid, or the candidate earns probationary status.”
The construction placed thereon by the trial court was that such a temporary promotional appointment, made during the period of one promotional register, could not extend beyond the expiration date thereof. The reasoning expressed by the court was that it could not have been the intent of the civil service rules and regulations to permit a temporary promotion near the expiration of a register to enable the officer so appointed to gain the higher office, based on or following such temporary appointment, at some date after his register had expired.
The city contends, and we agree, that the construction placed on the above rule by the court was incorrect. The administrative officials charged with the duty to apply and enforce such regulations had not so applied it. The interpretation thereof by such officials is entitled to some weight. Such interpretation, and the civil service policy adhered to in that situation, was testified to by the executive secretary of the civil service board to be that where an officer eligible for promotion on a register has received a temporary promotion he may become entitled to the position to which it relates although the register from which he was appointed may have expired after the temporary appointment and before the subsequent probationary and permanent status is reached. There was no evidence to the contrary.
While the rule referred to is not clear, it does not contain language to prevent or prohibit that official construction and use. If, as noted by the trial court, such application of the rule could lead to abuses through temporary appointments being made late in a register period, to ripen into permanent appointments thereafter to the prejudice of officers on a subsequent register, the remedy therefor would be to amend the rule or make a new rule to expressly cover the situation. Meanwhile, since the temporary appointments of the two officers and the subsequent permanent appointments to lieutenant to which they led were made in accordance with the understood and established policy in application of the rule at that time, which was more than two years prior to the judgment in this case, in our view the court was not warranted in depriving those officers, after so long a period, of the promotional status which they had thus attained. Moreover, the record is barren of any indication that these appointments were anything other than routine, even though accomplished during the last days prior to the expiration of their promotional register.
A second question raised by appellants concerned a provision of the judgment by which it was held that two officers who were on the two-year register that commenced August 4, 1970, (McCracken and Weaver), should be continued as the ones next eligible for promotion to police lieutenant beyond the time of expiration of their register, if they did not receive promotions sooner.
It appears that during the period of the register which commenced August 4, 1970, and which normally would have ended August 3, 1972, a five month’s freeze of promotions was imposed (from May 1, 1971 to October 1, 1971), and an additional 30-day deferment of promotions thereafter was imposed. Thus there was a six month freeze of promotions, as found by the trial *549 court. That freeze had the effect of extending the period of that register by six months, to February 3, 1973. See City of Miami v. Perkins, Fla.App.1962, 139 So.2d 178.
The appellants recognize that the two officers referred to, and officers Stearns and Mahoney who were the next in line for promotion on the register which, as extended, ended February 3, 1973, were entitled to any promotions to lieutenant which should become available to them during the life of that register. However, appellants contend there was no basis, under the civil service rules, for extension by the court of the promotional status of any of those officers beyond the expiration of their promotional register, as so extended by six months to February 3, 1973.
The ruling of the trial court that officers McCracken and Weaver, if not promoted to lieutenants during the term of their promotional register as extended to February 3, 1973, should remain next eligible for promotion beyond the period of their register and receive the next appointments whenever made, was based on the decision of the trial court that the earlier promotions of officers Altman and Speak-man (details relating to which are discussed above) were improper and had operated to deprive McCracken and Weaver of promotions to which they were entitled during the period of the register on which they appeared. However, in view of our holding reversing the ruling of the trial court which invalidated the promotions of Altman and Speakman, the reason or basis applied by the trial court for giving Mc-Cracken and Weaver a right to receive promotions beyond the period of their register as extended, no longer exists.
For the reasons stated, the ruling of the trial court that the promotions of officers Altman and Speakman were improper and should be vacated is reversed, and the holding of the trial court that officers McCracken and Weaver should remain next eligible for promotional appointment beyond the period of their (extended) promotional register likewise is reversed.
, , It is so ordered.