PEARSON, Judge.
The appellant is Dale Patrie Bowlin, a Dade County Department of Public Safety lieutenant. The appellee is Dade County, its Department of Public Safety and E. Wilson Purdy, its director. The issues presented upon appeal are twofold: (1) Whether the “Rule of Four” contained in § 6, Chapter 3 of the Dade County Personnel Rules, which gives discretion to the Department to promote from the highest of four candidates,[1] is unconstitutional on its face, and (2) whether the application of the rule to the case at bar is so capricious and arbitrary as to constitute discrimination.
In February of 1973 twenty-five police lieutenants took the competitive examination for police captain. Eleven passed the examination and were placed on the eligibility list. Since that time, four eligible lieutenants have been promoted to the rank of captain. Two were passed over of which Bowlin was one.
In April of 1973, the appellant as plaintiff filed his complaint for declarative and injunctive relief seeking to require the defendants to “promote the plaintiff to the post of police captain.” The complaint was in two counts. The first sought to have defendant’s system of promotion, the so-called “Rule of Four,” declared unconstitutional and the second alleged that the defendants had imposed an unlawful requirement for promotion upon plaintiff. The circuit judge, after a full evidentiary hearing, entered a final judgment in favor of the defendants who are appellees here holding that the “Rule of Four” is “constitutional on its face and that it is a reasonable method for selecting the best qualified persons and is not unconstitutional for lack of standards.”
Appellant’s second count alleged discrimination in that an unconstitutional rule had been applied to him. Upon this issue, the trial court held:
******
“It is the finding of this Court that there was not an abuse of discretion in refusing to promote the Plaintiff and that he was not refused promotion solely because of his failure to attend college.
“Finally, the Court finds that the procedures followed in the instant promotional process were in accordance with County rules and regulations and were followed in a manner not violative of the United States Constitution.”
******
Thereupon, the trial court entered final judgment for the defendant. «
On this appeal, appellant presents two points which in effect argue that the findings of the trial court are wrong upon each of the two counts. He first urges that the “Rule of Four” is void and unconstitutional upon its face, asserting that the rule allows for an impermissible degree of arbitrary and subjective actions on the part of administrators in promoting subordinates. He urges that once public employment is granted it cannot be subjected to arbitrary, capricious or whimsical regulations which would act to deprive him of promotional benefits. Appellant relies upon the principle of law that an ordinance may not delegate legislative power unless objective guidelines and standards appear therein so that the legislative power may not be capriciously exercised. The cases cited in support of the application of this principle to appellant’s complaint are Per-menter v. Younan, 159 Fla. 226, 31 So.2d 387 (1947), which dealt with a revocation *604 of a license to do business; North Bay Village v. Blackwell, Fla.1956, 88 So.2d 524, which dealt with an ordinance concerning the granting of building permits; Phillips Petroleum Co. v. Anderson, Fla. 1954, 74 So.2d 544, which dealt with the granting of a permit to construct a gasoline filling station; City of Miami Beach v. Fleetwood Hotel, Fla. 1972, 261 So.2d 801, which dealt with the constitutionality of a rent control ordinance. We think that none of these cases is applicable to the situation now before the court.
The personnel rule challenged here as unconstitutional gives to the Director of Public Safety the right to promote from the four man eligibility list. The appellant, as an employee, has no constitutional right to promotion by his superiors. See City of Miami v. Elmore, Fla.App. 1961, 131 So.2d 517, and City of Miami v. Rezeau, Fla.App.1961, 129 So.2d 432. We agree with the trial judge that a Director of Public Safety charged with the enforcement of the criminal laws must be given some right of selection as to the persons upon whom he is to impose highly responsible positions. See Marranea v. Harbo, 41 N.J. 569, 197 A.2d 865 (1964).
The alternative to the reasonable amount of discretion allowed the Director of Public Safety under the rule which is here attacked would be an automatic promotion based entirely upon written examinations. We know of no case dealing with civil service employees that requires such rigidity in the selective process.
The thrust of appellant’s remaining point is that his department required him to pursue his college education as a condition to promotion. The appellant has some college credits but has not received a degree. He urges that the head of the police division of the Public Safety Department and its Director stated that they believed that a college education was a desirable, even necessary, requirement for promotion to police captain. He then points to exam-pies of members of minority groups who were promoted but who did not have a college education. He thereupon urges that because the rule was applied to him, he has been a victim of inverse discrimination. This argument has two weaknesses. First, the court found as a matter of fact “that he was not refused promotion solely because of his failure to attend college.” Second, there is no evidence in the record that a standard was applied to the appellant different from that applied to any other candidate in the group from which he claims he should have been promoted. The trial judge’s conclusion that there were factors other than education considered by the administrator in failing to promote the appellant is amply supported by the record.
The judgment is affirmed.
Affirmed.

. “When a promotional list is certified to a department, the department head shall select from the highest four candidates.
“When an open competitive list is certified, the department head will normally select persons in order of their rank on the list. If the department head fails to select candidates in order of their rank, he shall submit his reasons in writing to the Personnel Director who shall review such reasons for their validity. For positions requiring special qualifications or attributes, the department head may request the certification of eligibles possessing such special qualifications and/or attributes and he may limit his selection to those persons.”