351 So.2d 1022 (1976)
Alan P. DEVIN and Beverly A. Parrott, Appellants,
v.
The CITY OF HOLLYWOOD, Florida et al., Appellees.
No. 75-570.
District Court of Appeal of Florida, Fourth District.
July 23, 1976.
Rehearing Denied October 8, 1976.
Salvatore V. Fiore of DiGiulian, Spellacy, Bernstein, Lyons & Sanders, Fort Lauderdale, for appellants.
J. Bart Budetti, Hollywood, for appellees.
BASKIN, NATALIE, Associate Judge.
This is an appeal by two City of Hollywood police officers alleging discrimination by the City of Hollywood Chief of Police in failing to promote them.
Plaintiffs-Appellants contend that Civil Service requires promotion of police department employees to be on the basis of merit and fitness only, as determined by competitive examination and resulting ranked eligibility lists provided by the Civil Service Board. They urge that no discretion exists in making promotions within the police department, but state that even if some discretion should be found to exist, it was abused when Plaintiffs-Appellants Parrott and Devin were bypassed and persons ranked below them were appointed.
*1023 Plaintiffs-Appellants amended complaint for declaratory relief, injunctive relief and damages filed against the City of Hollywood, the Civil Service Board of the City of Hollywood, Board members, the Chief of Police of the City of Hollywood and the Acting City Manager of the City of Hollywood was dismissed with prejudice after hearing.[1]
Appellant Devin is a sergeant employed by the City of Hollywood Police Department. Appellant Devin was number one on the eligibility list for promotion to lieutenant but was not promoted because he did not receive any recommendations for promotion from the lieutenants called upon by Defendant-Appellee Martin, Chief of Police, to make such recommendations. Chief Martin utilized recommendations of lieutenants to assist him in determining which officer on the eligibility list should be promoted. Appellant Devin had already received outstanding comments and ratings by lieutenants and captains during the course of his nine years employment. He was advised by members of the Civil Service Board that he was not promoted in 1974 nor in the past, despite outstanding ratings, because he was not a member of the "club".
Appellant Parrott has been a police officer with the City of Hollywood for seven years. She was tenth on the eligibility list for promotion to sergeant when promotions of the individuals listed as numbers 1, 2, 3, 4, 6, 7, 8, 12, 13, 20 and 24 were made. She was not promoted. She was advised on a prior occasion that although she had received recommendations from other officers, the Chief of Police did not feel that there was a slot for a female and that her assignment to the patrol division would not be fair to the men, but without patrol experience Officer Parrott would not receive recommendations for promotion. There is no testimony that service in the patrol division is a prerequisite to promotion to the rank of sergeant.
Although Appellant Parrott had received above average evaluation reports during her employment, the reports were not contained in her personnel file when it was circulated among the captains and lieutenants who were to make recommendations for promotion and with whom she had not worked.
This appeal questions whether the Civil Service Act affords discretion to the Chief of Police in making promotions within the police department and if so to what degree.
The problem facing the court is to determine, in the absence of a statement by the legislature or by the Rules and Regulations for Municipal Civil Service of the City of Hollywood, Florida, from what portion of the list of eligibles certified by the Civil Service Board promotions may be made. Is the promoting authority required to select the individual at the top of the list or may the selection be made from the top three, four or more persons?[2]
Because the legislature has failed to announce a standard to guide in the selection of applicants on the eligible list and to define the limits of discretion of the appointing authority in making promotions, the legislative intent must be examined.
The primary guide to statutory interpretation is to determine the purpose of the legislature. Tyson v. Lanier, 156 So.2d 833 (Fla. 1963). Uncertainty should be resolved by an interpretation that best accords with the public benefits. Sunshine State News Company v. State, 121 So.2d 705 (Fla.App. 1960). It is not the function of the judicial branch to supply omissions of *1024 the legislature. Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (Fla. App. 1963).
In order to determine the legislative intent, an examination of the Civil Service Act and Rules and Regulations for Municipal Civil Service of the City of Hollywood, Florida becomes necessary.
The stated purpose of the Rules and Regulations for Municipal Civil Service of the City of Hollywood, Florida is:
"... that the City and its employees may have assurance that personnel will be dealt with on an equitable basis and that the citizens of Hollywood, Florida, may derive the benefits and advantages which can be expected to result from a competent staff of City employees."
The Civil Service Act of the City of Hollywood,[3] Section 6, states:
"Advancement by competitive examination. Employees coming within the provisions of this chapter shall be employed and retained in employment and advance to any higher grade on merit and fitness only, and the merit and fitness of any applicant for said departments, or for advancement therein, shall be determined by competitive examination, as hereinafter provided."
Merit and fitness are defined by Rule 5 of the Rules and Regulations for Municipal Civil Service of the City of Hollywood, Florida to be ascertained by examination prepared by or under the direction of the Civil Service Board.
"All examinations shall be impartial and shall relate to those matters which will test fairly the capacity and fitness of the candidates to discharge efficiently the duties of the position to be filled. Examinations may be assembled or non-assembled, and may include written, oral, physical test, performance tests, ratings of training and experience or any combination of these. They may take into consideration such factors as education, experience, aptitude, knowledge, character, physical fitness or any qualifications or attributes which, in the judgment of the Civil Service Board, enter into a determination of the relative fitness of applicants. Promotional examinations shall take into consideration the quality and length of employment in addition to any or all of the above factors."
Rule 9 provides that persons shall be placed upon the eligible lists as candidates in order of their relative excellence as determined by examination. All promotional appointments include a probationary period under Rule 11.
Rule 19 provides:
"The term `Promotional Examination' signifies a fitness test to determine the relative standing of applicants for positions in a specified class and open only to employees in the classified service."
Rule 8, Section 2, permits the appointing authority the privilege of examining the papers of applicants, if desired, in connection with determining the relative fitness of persons under consideration for appointment.
References in the above mentioned Rules to relative merit, when considered in the light of the standards of the Civil Service Act, indicate a legislative intent to obtain the best persons available to perform duties under Civil Service. The competitive examinations rank applicants on a wide variety of factors, including personality traits, before they are placed on the list.[4]
It is apparent that the legislature sought to limit the discretion to be exercised by the promoting authority. The use *1025 of a "rule of one", coupled with a probationary period during which unfit persons might be rejected for valid reasons, best fulfills the legislative purpose.
Appellees have cited authorities upholding a "rule of three". Those authorities are distinguishable from the case at bar.
The decision of the District Court of Appeal, Third District, in Bowlin v. County of Dade, 296 So.2d 602 (Fla.App. 1974) is distinguishable from the situation in the case at bar. In Bowlin, a "rule of four" was contained in the Dade County Rules giving discretion to the Department of Public Safety to promote from the highest of four candidates. The District Court of Appeal, Third District, upheld the "rule of four" as constitutional finding that it was reasonable to afford the Director of Public Safety discretion in the right of selection when promotion based entirely upon written examination would be unduly rigid. In the case at bar, however, no discretion is provided the appointing authority other than to review the papers of individual applicants to determine their relative fitness. The case at bar involves more than a written examination (Rule 5, supra) and includes recommendations obtained during the course of employment and based upon past performance as well as oral examinations.[5]
Also distinguishable is the Opinion of the Attorney General, 073-225, dealing with a Civil Service Board established under prior Florida Statute 174. The Opinion involved a situation where the Civil Service Rules had announced a "rule of three".
Other jurisdictions have placed limitations on the discretion of the promoting authority. State ex rel. Wolcott v. Celebrezze, 141 Ohio St. 627, 49 N.E.2d 945 (1943); City of Denver v. Rinker, 148 Colo. 441, 366 P.2d 548 (1961).
By specifying in Section 6 of Rule 9 that initial appointments may be chosen from the entire list, the legislature has implied an intention to limit the discretion to select individuals for promotion. The mention of one thing implies the exclusion of another. Bergh v. Stephens, 175 So.2d 787 (Fla.App. 1965).
Although this court could apply a standard of "reasonableness" and permit the use of a "rule of three" or a "rule of four", such action by this court would constitute judicial legislation and would be based upon an arbitrary determination.[6] That determination should emanate from the legislature if it sees fit to provide greater discretion to the promoting authority.[7]
We therefore hold that the Rules and Regulations for Municipal Civil Service for the City of Hollywood and the Hollywood Civil Service Act do not authorize promotions other than of the individual at the top of the certified list.
We further hold that the procedure employed in making promotions constituted an abuse of discretion by the promoting authority and permitted the abuses sought to be corrected by the Civil Service Act to continue.
*1026 In the event the legislature chooses to conduct the City of Hollywood Civil Service promotions by some other method, it may express itself accordingly.
We also hold that the trial court erred in relying upon expert testimony to determine the meaning of terms which were questions of law to be decided by the trial court. Consolidated Mutual Insurance Company v. Ramy, 238 So.2d 431 (Fla.App. 1970).
Since the trial judge stated on the record that he had examined the exhibits to his satisfaction, Appellants' allegation of error on this point is without merit.
Based upon foregoing considerations, we find that the trial court committed error in dismissing Appellants' amended complaint. We reverse and remand.
MAGER, C.J., and DOWNEY, J., concur.
NOTES
[1] The trial court found that the Chief of Police of the City of Hollywood had the authority pursuant to the Civil Service Act to exercise reasonable discretion in the choice of persons to be promoted from the certified list supplied him by the Civil Service Board and further found that Plaintiffs had not sustained their burden of providing sufficient evidence that the police chief abused his discretion, discriminated against Plaintiffs, acted in an arbitrary or capricious manner, or otherwise acted illegally in selection of persons to be promoted.
[2] The selection of the first individual on the list is referred to as a "rule of one". A "rule of three" refers to selection from the three highest scores, etc.
[3] Special Act of the legislature of the State of Florida, House Bill 1265, enacted May 19, 1965.
[4] For this reason, the obtaining of additional recommendations furnished by officers with knowledge they would be in a position to influence promotions exceeded the bounds of objectivity contemplated by the Civil Service Act and reverts to a personal preference system sought to be eliminated by the Act. This is particularly poor practice when the file of Officer Parrott failed to contain recommendations she had earned during the course of her employ.
[5] Recommendations furnished during a course of employment based upon past performance appear to be more in keeping with the Act than the recommendations specifically requested by the Chief of Police for the purpose of determining promotion, as follows:

"In lieu of a vacancy for lieutenant and two for sergeant, the following is a letter sent by my office to all captains and lieutenants. Attached is a list of eligibles for promotion to the rank of police lieutenant and sergeant, as submitted to me by the Civil Service Board. You are hereby instructed to recommend one individual from the attached list, to be promoted to the rank of lieutenant, and two individuals, to be promoted to the rank of sergeant. The recommendations submitted by the captains and lieutenants, will be the determining factor in this selection process." (Emphasis added.)
[6] The court will refuse to tack additional words on a statute in a situation where uncertainty prevails as to the intent of the legislature. Re Estate of Jeffcott, 186 So.2d 80 (Fla.App. 1966); Armstrong v. Edgewater, 157 So.2d 422 (Fla. 1963).
[7] If a "rule of one" is not followed, it appears that under existing practice Appellants could remain at the top of the list and never be promoted.