PER CURIAM.
Petitioners, members of the City of Miami Police department, appeal a final judgment in favor of the City of Miami police chief, the City manager, and executive secretary of the civil service board in an action seeking to enjoin the abolishment of an eligible register containing certain grandfathered promotional positions and requiring the City manager to promote petitioners to the rank of sergeant by filling these grandfathered positions from the register.
Prior to 1963 the City of Miami police department personnel was divided into two categories, uniform and detective, with separate promotional lists and separate positions (or ranks) as follows:
Uniform Division Detective Bureau
1. Police Officer
2. Police Officer First Class
3. Sergeant Detective
4. Lieutenant Detective Sergeant
5. Captain Detective Lieutenant
6. Inspector Detective Captain
A police officer desiring to advance in rank had to make a choice whether to pursue his career in the uniform or detective section. The officer would then take the promotional examination for the section of his choice and upon passing the examination, his name and score would be placed upon the eligible register for promotion. The officer could not be transferred or interchanged to another section unless he consented. In 1974 the City replaced this procedure with a single eligible register containing only the ranks of sergeant, lieutenant and captain. Further, when a police officer on the eligible register was promoted to sergeant he could be interchanged between the uniform and detective sections. Petitioners contend that as a result of an agreement between the City attorney’s office, the City manager and chief of police, no rank would be lost that was in being prior to 1963; thus, those reputive detective positions being held at the time by the police personnel in the detective bureau were “grandfathered in”. The agreement further provided that there would be no reduction in the number of sergeants. The so-called “grandfathered detective positions” is the crux of this controversy. It appears from the record that after these grandfathered detective positions were vacated by the original personnel (either through retirement or promotion), the City manager continued to fill some of these positions from the then current promotional register, and petitioners were on the sergeant’s promotional register which *588 expired on April 4,1974. Sometime prior to this date, the City manager abolished these grandfathered detective positions and failed to promote appellants. Appellants before April 4, 1974 filed a petition and thereafter an amended petition seeking to enjoin the City manager from abolishing these grandfathered positions and to require the manager to promote them to these vacant positions. After a non-jury trial, the judge entered judgment for respondents. We affirm.
The City manager in the exercise of his administrative discretion may choose to leave a position vacant and appellants failed to show a legal duty upon the respondents to promote them. See City of Miami v. Rezeau, 129 So.2d 432 (Fla. 3d DCA 1961); City of Miami v. Elmore, 131 So.2d 517 (Fla. 3d DCA 1961); City of Miami v. Perkins, 139 So.2d 178 (Fla. 3d DCA 1962). As this court stated in Elmore, supra, at 519:
“We are unable to reconcile the charter powers granted the city manager with the contentions of the appellees that the city manager is required to fill a vacancy when one exists. To adopt the appellees’ position would render impotent the charter provision that grants to the city manager the discretion to determine the number of police officers as well as his right by ordinance to abolish positions in the interests of efficient and economic administration. To state the proposition another way would be to say that the city manager, when a vacancy occurred, had no discretion but to fill the vacancy regardless of whether or not he, as the chief executive officer of the city, deemed it beneficial from an economic or efficiency standpoint to do so.”
As pointed out in the above quote, the City manager within his administrative discretion has the right to abolish or re-establish positions.
It is clear from a reading of the record that the agreement creating the so-called grandfathered positions was applicable only to the police personnel promoted prior to 1963 and only these personnel had a personal interest therein.
Finally, although the City manager did fill some vacancies in these grandfathered positions after the personnel promoted prior to 1963 were either promoted or retired, this practice did not constitute a binding agreement; it simply was a matter of policy which in the City manager’s discretion could be discontinued.
Affirmed.