444 So.2d 1171 (1984)
George I. MAY, M.D., Individually, and George I. May, M.D., P.A., N/K/a May Orthopaedics, P.A., Appellants,
v.
Richardo FUNDAMENT and Margarida P. Fundament, His Wife, and Richard G. Collins, Jointly and Severally, Appellees.
No. 83-955.
District Court of Appeal of Florida, Fourth District.
February 15, 1984.
Jeffrey S. Altman of Abramowitz & Altman, P.A., Plantation, for appellants.
Gary S. Genovese of Conrad, Scherer & James, Fort Lauderdale, for appellees.
GLICKSTEIN, Judge.
This is an appeal from an order of the trial court in an action for malicious prosecution filed by the appellant doctor and his P.A. against a former patient, his wife and the patient's attorney. The order reads:
THIS CAUSE came on to be heard on the Defendants' Motion to Dismiss Amended Complaint, and after having heard argument of counsel and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Amended Complaint is granted with prejudice.
IT IS the Court's decision that since Count I in the previous litigation was filed in negligence only and was not filed maliciously, that Count II cannot proceed.
IT IS THE Court's ruling that if a multi-counted complaint contains one count *1172 that has not been filed maliciously, then a malicious prosecution action cannot lie against that complaint.
Appellees' two count complaint in the original action against appellants alleged negligence and gross negligence respectively. The acts attributed to the appellant doctor in both counts were essentially identical  negligent surgery and post-operative care. By alleging that the negligent surgical and post-surgical treatment was willful and reckless appellees believed they could also seek punitive damages, which they did. The doctor and his P.A. moved to strike the claim for punitive damages in the original action and the trial court granted their motion "striking the claim for punitive damages." Trial of the original action upon issues of negligence and compensatory damages ended in an adverse verdict.
The present appeal arose out of a second action between the parties, brought by the doctor and his P.A. immediately after entry of the order which struck the claim for punitive damages in the original action. The order being appealed reached the correct result; and it is the result which counts. As the supreme court has appropriately reminded all of us judges laboring in the intermediate appellate fields:
Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it.
Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979).
The claim for punitive damages in the original action, standing alone, would not constitute a separate count; and a verdict for punitive damages, alone, would not stand. See Carida v. Holy Cross Hospital, Inc., 427 So.2d 803 (Fla. 4th DCA 1983) and cases cited therein. Accordingly, when the trial judge in the original action struck the claim for punitive damages, he was not dismissing a separate count but in essence was eliminating certain paragraphs in what should have been considered as a one count complaint. Were we to absorb into the system a claim based on paragraphs, inevitably we would then allow actions based on stricken clauses, then phrases, then just words and finally only punctuation.
Had there been two separate causes of action brought out of materially different factual origins, it perhaps would be a different ball game. Examples from three states illustrate the latter situation; and the language of the opinions suggests why appellate decisions sometimes appear subjective and are rendered by a divided court. In Swepson v. Davis, 109 Tenn. 99, 70 S.W. 65 (1902), the holding was in favor of the malicious prosecution defendant on the ground he had prevailed in the prior suit on which the malicious prosecution action was predicated. The court did say in the opinion dismissing a petition for rehearing that a defendant who prevailed below can maintain a malicious prosecution action as to one or more counts that were untrue and without probable cause even though there had been probable cause for other counts in the underlying suit. It is not clear whether the Tennessee court was adopting this principle or merely explicating old cases and commentary brought to the court's attention by the malicious prosecution plaintiff's attorney. The following excerpt from the opinion proper is in conflict with the principle on which appellants here rely:
We know of no authority, and have been cited to none, holding that it is necessary for the plaintiff in his original suit to sustain every allegation or charge made in his bill, or else be liable to a suit for malicious prosecution. If this be the correct doctrine, then in every suit for malicious prosecution there must be a separate investigation and retrial of each separate allegation made in the original suit, without reference to the result of the suit as a whole, and the final decree therein. The only sound and tenable rule in cases of malicious proscution is that adopted by all the courts, and that is to settle the question whether the original suit was successfully prosecuted or not by the decree therein upon the final adjudication, and not by the separate allegations *1173 and charges, and the proof for and against each.
Id. 116, 70 S.W. at 69. Swepson v. Davis involved multiple counts arising out of Davis' alleged tortious misconduct as Swepson's business partner.
Singleton v. Perry, 45 Cal.2d 489, 289 P.2d 794 (1955), concerned a simultaneous arrest and prosecution of former live-in-girl-friend Eula Mae Singleton on two separate criminal charges initiated by Perry: (1) that she stole his Cadillac, and (2) that she made off with other personal property belonging to him. Ms. Singleton was arrested in Cleveland, Ohio, held in jail there for nearly a month, returned to San Francisco in custody of a matron, and held in jail there for a week. Both charges were dismissed upon preliminary hearing. Her malicious prosecution suit ended in a verdict in her favor on the auto theft action but for Perry on the charge as to other property. Perry's appeal failed. In support of its affirmance the California court quoted the following from the early Missouri case of Boogher v. Bryant, 86 Mo. 42, 50 (1885):
Indeed, it would seem almost a mockery to hold that, by uniting groundless accusations with those for which probable cause might exist, the defendants could thereby escape liability, because of the injured party's inability to divide his damages between the two with delicate nicety. Such, we think, is not the law.
289 P.2d at 799-800. Nevertheless it is possible that the opinion in Singleton is colored by the fact of her arrest and detention on criminal charges and her return from a distant place only to have the charges dismissed. Her injuries were surely more blatant than can be discerned in the present case.
In the second California case, Albertson v. Raboff, 46 Cal.2d 375, 295 P.2d 405 (1956), Raboff sued Albertson seeking a money judgment and either a lien on her real property or a judgment declaring her title was obtained from her husband without consideration and in fraud of creditors. Raboff won the money judgment, which was affirmed on appeal. Judgment on the lien claim was in favor of Albertson and was not appealed. Albertson sued for malicious prosecution, alleging Raboff knew the lien claim was baseless when he asserted it. The trial court entered a judgment of dismissal for failure to state a cause of action. The appellate court based its reversal of the dismissal on the holding in Singleton, supra.
The present case portrays the doctor as negligent, then goes on to deeper cuts  that he was reckless and his acts were willful. Nevertheless, it is still the same furrow being plowed  perhaps akin to A alleging B to be not only a fool but a darn fool as well. Some judges could argue  like the physician's attorneys  that as to the allegations involved here, there is a difference in kind, not degree, between those allegations which were stricken and those remaining; but we disagree. The order dismissing the malicious prosecution action is affirmed.
HURLEY and DELL, JJ., concur.