472 So.2d 795 (1985)
Earl CARPENTER, Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
Nos. 84-1068, 84-1391.
District Court of Appeal of Florida, Third District.
July 2, 1985.
Hershoff & Levy and Jay Levy, Miami, for appellant.
Robert A. Ginsburg, Co. Atty., and John McInnis, Asst. Co. Atty., for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
*796 PER CURIAM.
Earl Carpenter appeals a summary judgment entered in favor of Metropolitan Dade County [County]. Carpenter, a Metropolitan Dade County Transit Authority employee, instituted an action for declaratory relief and sought a determination of his rights to retroactive reinstatement and damages in the form of back pay. We affirm.
Although Carpenter's complaint purported to seek a declaratory statement of his rights, his claim actually constituted an action for back wages filed beyond the applicable limitations period. § 95.11(4)(c), Fla. Stat. (1979).
Even if the trial court relies on erroneous reasons in reaching its decision, the decision will be affirmed if it is supported by an alternative theory. Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979); Petrulli v. Approved Dry Wall Construction, Inc., 284 So.2d 27 (Fla. 3d DCA 1973), cert. denied, 292 So.2d 18 (Fla. 1974).
The trial court properly granted attorney's fees to the County, the prevailing party in this action. § 448.08, Fla. Stat. (1979).
Affirmed.