PER CURIAM.
The appellants, police officers for the City of Miami, took certain exams in 1979 the results of which entitled them to be on the registry to be considered for promotion to sergeant. Subsequent to that time a lawsuit was brought in the federal court by the Fraternal Order of Police on behalf of those officers bypassed by the city’s affirmative action program seeking to void the affirmative action program promulgated by the City of Miami, or, in effect, a reverse discrimination suit. That litigation was ultimately settled, with the settlement being approved by the membership of the F.O.P. As a result of the settlement, the three appellants were promoted to sergeant and executed a release of all claims against the City. Subsequently, the City promoted three individuals to sergeant who did not agree to the settlement, and did not execute the releases. Upon their promotion they were awarded back pay and seniority to the date they were entitled to promotion, 1980. Thereafter, the instant action was commenced by the appellants seeking back pay from 1980 until the date they were promoted to sergeant. The trial court granted a summary judgment in favor of the City because of a statute of limitation «defense, pursuant to Section 95.11(4)(c) of the Florida Statutes (1979). The trial court did not rule on the merits of the release. We affirm. See Carpenter v. Metropolitan Dade County, 472 So.2d 795 (Fla. 3d DCA 1985).
The appellants urge that we should reverse because they have been denied equal protection of the law in that they have been treated, differently than others similarly situated, to wit: the other three officers who were promoted and paid back wages with no contention that a claim for wages was time-barred. We disagree. The record shows that these three appellants are in a different status having accepted the benefits of the federal court action and the settlement thereof, than those promoted who did not receive benefits of the federal action or execute any releases.
Although the trial judge did not reach the issue of the releases and their effect, his ruling can be sustained if there is any theory in the record which would support it. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Carpenter v. Metropolitan Dade County, supra; May v. Fundament, 444 So.2d 1171 (Fla. 4th DCA 1984). Examining the record in light of this principle, the plaintiffs contend they should not be bound by the release that they each signed because they were unaware at the time they exe *307 cuted it of the “veterans preference” in-Section 295.09(l)(a) Florida Statutes (1979). Even if this be true, we find this not to be a good ground to void a general release. DeWitt v. Miami Transit Company, 95 So.2d 898 (Fla.1957); Dean v. Bennett M. Lifter, Inc., 336 So.2d 393 (Fla. 3d DCA 1976); Stiff v. Newman, 134 So.2d 260 (Fla. 2d DCA 1961).
Therefore, for the reasons above stated, a final summary judgment under review be and the same is hereby affirmed.
Affirmed.