NESBITT, Judge.
By common law certiorari, the City of Miami seeks review of a final judgment entered by the Appellate Division, Circuit Court of the Eleventh Judicial Circuit, ordering reinstatement of Mary Meynarez to the position of finance manager or its equivalent and awarding back pay and costs. We have jurisdiction. City of Deerfield, Beach v. Vaillant, 419 So.2d 624 (Fla. 1982); Fla.R.App.P. 9.030(b)(2)(B).
Mary Meynarez enjoyed civil service protection as finance manager of the City of Miami. However, upon her promotion, she assumed the job of assistant finance director, a position protected neither by contract nor by civil service. In late fall 1986, she was advised that as a result of budget cutbacks, her position as assistant finance director had been abolished. She was told that she could procure severance benefits only if she resigned as assistant city finance director and executed a release. She took that action and executed the appropriate documents without any advice, as to her rights or the legal effect of her resignation upon her established civil service position as finance manager.[1] It was also during this colloquy that she was advised that the position of finance manager had likewise been abolished.
Even before Meynarez terminated her position above, Luie Brennan, who was then serving the City of Miami as finance manager, was told that his position was being abolished. He was given the option of accepting a voluntary demotion resulting in a five per cent reduction of benefits or being terminated. Brennan accepted the demotion. His title was changed to that of account supervisor. He then continued to serve in that position which the Miami Civil Service Board ultimately found, after the evidentiary hearing initiated by Meynarez, was the functional equivalent of the former position of finance manager. The board also determined that four months after the demotion, Brennan was promoted to management analyst supervisor at a salary commensurate to that which he formerly enjoyed as finance manager.
Meynarez petitioned the Miami Civil Service Board to review her termination. The board found that:
agents of the city ... failed to provide the appellant with sufficient information necessary for her to appreciate the consequences associated with the execution of ... (the waiver and release agreement)_ Appellant was otherwise misled by the agents of the City ... contrary to the intent and spirit of Civil Service Rules.
As a consequence of these findings, the Board recommended to the city manager that Meynarez be reinstated to the position of finance manager or its equivalent.
At the outset, we reject the city’s contention that the release executed by Meynarez was binding upon her under our decision in Stevens v. City of Miami, 500 So.2d 305 (Fla. 3d DCA 1986). In Stevens, it was determined that certain city officers were bound by claim releases they executed as part of a negotiated settlement to litigation between the officers and the city employer. Meynarez, on the other hand, faced a very different set of circumstances, and Stevens is not controlling as to the effect of Meynarez’s actions. Here, as in Alexander v. City of Menlo Park, 787 F.2d 1371 (9th Cir.1986), cert. denied, 479 U.S. 1032, 107 S.Ct. 879, 93 L.Ed.2d 833 (1987), a due process violation occurred when the city failed to inform Meynarez of her right to bump into another position. See § 12.1 Civil Service Rules and Regulations, City of *773 Miami.[2] Evidence indicates that the resignation was announced by her employer as Meynarez’s only alternative to being fired and, as determined by the trial court, Mey-narez had a legal right to continued employment. See Mullan v. Bishop of the Diocese of Orlando, 540 So.2d 174 (Fla. 5th DCA 1989) (ultimatum of resignation or termination of position to which employee had right to continued employment is sufficient basis for finding duress).
Meynarez made no “intentional relinquishment or abandonment of a known right or privilege.” Bueno v. City of Donna, 714 F.2d 484 (5th Cir.1983). The defendant city in Bueno attempted to argue that, as a consequence of their resignations, plaintiff employees were outside the due process protection afforded by the Fourteenth Amendment. In response, the Bueno court stated clearly that resignation alone does not automatically constitute waiver of due process safeguards. Id. at 492. Here, Meynarez was afforded no explanation of her civil service rights prior to her signing the release. As noted in Bue-no, purported waivers of fundamental constitutional guarantees are subject to the “most stringent scrutiny.” Id. citing In re Bryan, 645 F.2d 331, 333 (5th Cir.1981). Meynarez was obviously misled and consequently did not knowingly relinquish the right to assume her former position. A forced resignation does not differ in legal impact from a discharge lacking volition in the choice to resign. Bueno, 714 F.2d at 493.
Nonetheless, the city contends here, as it did below, that the circuit court was without subject matter jurisdiction to review nonaction such as the city manager’s refusal to take further steps as to Meyna-rez’s termination as finance director because no provision of the Charter and Code of the City of Miami afforded her such an administrative hearing. The ultimate position of the city has been that her termination constituted executive action by the appointing authority as in Myers v. Garmire, 353 So.2d 586 (Fla. 3d DCA 1977) and City of Miami v. Elmore, 131 So.2d 517 (Fla. 3d DCA), cert. denied, 136 So.2d 342 (Fla.1961). Meynarez’s answer to this contention is that her termination constituted “administrative action” as that term has been employed in City of Deerfield Beach v. Vaillant due to the administrative hearing afforded her by the Miami Civil Service Board which recommended her reinstatement, despite the fact that the city manager refused to take any further action with respect to that recommendation.
Section 16.1, of the City of Miami Civil Service Rules and Regulations provides:
Investigation by the Board. Whenever the Board has reason to believe that these Rules and Regulations have been violated by the abuse of power in recommending or making an appointment to any position, or in a layoff, demotion, suspension, or removal without justification, or in any other manner, it shall be the duty of the Board to investigate. If, in making this investigation, the Board shall find that said violations were contrary to the intent and spirit of these Rules and Regulations, it shall make a report thereof to the Director of the Department involved and to the City Manager.
The provisions of the above section confer upon the Board the substantive right or power to inquire into “the abuse of power ... in layoff, demotion, suspension, or removal without justification, or in any other manner....” The procedural aspects which govern such a determination before *774 the Miami Civil Service Board are conferred by those same rules and regulations in section 16.2.[3]
Summarizing, Meynarez enjoyed a protected property interest in the classified service as finance manager; she was not adequately informed and in fact was misled about her bumping or layoff rights. Brennan, a person her junior in seniority, was employed to perform the functional equivalent of the finance manager position. The record before the board shows its findings and recommendations were based upon competent and substantial evidence; based upon that evidence, the circuit court determined that the city acted improperly in terminating Meynarez.
In a final effort to establish that the circuit court’s action was improper, the city claims that even if the court properly exercised “subject matter jurisdiction,” it did not have authority to mold, form, or craft the proper corrective action directed to the city manager. We disagree. Where a civil service employee [4] has been denied due process of the law, the circuit court may, upon petition for certiorari filed by the employee, order the reinstatement of the employee. Metropolitan Dade County v. Stein, 296 So.2d 643, 645 (Fla. 3d DCA 1974), cert. denied, 307 So.2d 185 (Fla.1975); Metropolitan Dade County v. Klein, 229 So.2d 589 (Fla. 3d DCA 1969).
While we do not question the budgetary necessity of a city manager’s authority to abolish job positions where he does so in good faith, see Glendinning v. Curry, 153 Fla. 398, 413, 14 So.2d 794, 802-03 (1943), here the circuit court, acting in its appellate capacity and relying on the facts as reported by the Miami Civil Service Board, determined that the city denied Meynarez due process in terminating her as it did. Where full review of administrative action is given in the circuit court as a matter of right, one is not entitled to a second full review in the district court. Education Dev. Center, Inc. v. West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106 (Fla. 1989); City of Deerfield Beach v. Vaillant, 419 So.2d at 626. It is the duty of the district court, upon review of such a circuit court judgment, solely to determine whether the circuit court afforded procedural due process and applied the correct law. Id. Evaluating the circuit court’s judgment in light of this limited standard of review, we determine that procedural due process was afforded and that the essential requirements of the law were observed.
Accordingly, the application for common law certiorari is denied.

. Section 40.69 of the Charter and Code of the City of Miami states in part:
Any employee of the city who holds permanent civil service status and is appointed or assigned ... to any other position in the unclassified service, shall be returned to the rank from which said employee has been promoted under personal request of the employee or when said unclassified service employment ceases, or when said employee is removed from said unclassified service employment. Seniority credits in the permanent civil service classification held by such employee shall accrue to said employee while assigned to such unclassified service employment.

. That section outlines the procedure for placement of laid-off employees stating in part:
(a) Layoff shall first be restricted to the classification in which there is a surplus of employees within the department. The person who is found to have the lowest layoff score within the department and classification shall be entitled to fill any existing vacancy in such classification in any department of the City. Should there be no vacancy, the employee with the lowest layoff score shall be entitled to replace the employee with the lowest layoff score City-wide. That employee in turn will have the same rights starting with his/her department to replace another employee, providing that they held a permanent status in some lower subordinate classification.

. Section 16.2 of the City of Miami Civil Service Rules and Regulations provides:
Complaint by Employee. Any employee who is aggrieved by reason of what he/she considers a violation of Civil Service rules to his/her detriment, or who has a grievance concerning his/her employment under the rules, and who desires redress, shall notify the Executive Secretary in writing, stating the nature of his/her grievance and requesting a hearing by the Board.
(a)Upon receipt of such notice, the Executive Secretary shall promptly inform the Board, and the Board shall schedule the matter for a hearing within thirty days of the date of receipt of the notice by the Executive Secretary, who shall notify the employee of the time, date, and place of hearing.
(b) If the Board so desires, it may make a preliminary investigation of the matter before the hearing.
(c) The employee shall appear before the Board at the scheduled time and place, and shall present pertinent information to the Board concerning his/her grievance.
(d) The Board shall consider the matter, and promptly present its findings and recommendations to the City Manager for his/her consideration of a proper remedy, if a remedy is necessary.

. Meynarez conceded at oral argument here that upon reinstatement she must return all severance benefits received.