COWART, Judge,
dissenting.
Among other charges, the defendants were charged with selling unregistered securities as a result of their sale of units of plants (palms or orchids). The controlling issues on that charge were (1) what is the legal definition of a security and (2) did what the defendants sell constitute a security. The first issue is a question of pure law. The second issue involves a question of pure fact: whether or not the facts found by the jury to be true in this case, constitute what the law defines as a “security”.
In the trial of the case the State called a law college professor as an “expert” witness, and that law college professor testified, over the defendants’ objections, in effect, as to his opinion as to the legal definition of a “security” and also testified that what the defendants were selling constituted a security within his definition of that term. The admission of this evidence should be held to constitute reversible error.
The trial judge should instruct the jury as to the law including the legal definition of the word “security” within the meaning of sections 517.301 and 517.021(17), Florida Statutes. An expert witness, even a law college professor, should not be brought in, in a criminal case, to instruct the jury as to the law by having the expert give his opinion as to the proper interpretation' of statutes defining “security”. On the other hand, the jury should determine the facts and make the decision as to whether or not the facts presented to, and accepted by, them, beyond a reasonable doubt, fit, meet and constitute, a “security” within the meaning of that term as defined by the trial judge. If the statutory definition of the term “security”, as explained and supplemented by the trial court’s definition of the word based on established case law, is so vague and indefinite as to necessitate an expert witness, such as a law college professor, to further explain and supplement the legal meaning of the term, then that term and the criminal statute would not appear to be sufficiently definite to constitutionally inform a lay person of the act that he is prohibited from doing. Similarly, if a jury of lay persons cannot make a factual determination of whether the defendants’ conduct in question violates the law as defined by the trial court, without an expert witness expressing an opinion that the unit interest in plants sold by the defendants did establish a “security”, there must be a genuine doubt about whether those facts establish and support that conclusion.
As stated in 31A Am.Jur.2d Expert and Opinion Evidence, §§ 136-138:
While witnesses may be permitted, in a proper case, to give an opinion on an ultimate fact involved in the case, there is a strong consensus among the jurisdic *880 tions, amounting to a general rule, that witnesses may not give an opinion on a question of domestic law or on matters which involve questions of law.... The testimony of expert witnesses is, in general, confined to matters of fact, as distinguished from matters of law_ Basically expert or nonexpert opinion that amounts to a conclusion of law cannot be properly received in evidence since the determination of such questions is exclusively within the province of the court....
******
Similar to the situation involving expert and opinion evidence on pure questions of law, the general view is that where mixed questions of law and fact are at issue, the opinions of witnesses on those questions are also inadmissible.
******
... Opinion testimony has been held inadmissible to prove: ...
—the guilt or innocence of a criminal defendant....
—the definition of a statutory term_ (Emphasis in original, citations omitted).
See, 1 McCormick, Evidence, p. 50 (4th Ed.1982); Ehrhardt, Florida Evidence, § 703.1, p. 408 (2d Ed.1984). See also Consolidated Mutual Ins. Co. v. Ramy, 238 So.2d 431 (Fla. 3d DCA 1970) (where the court approved the trial court’s refusal to admit expert testimony as to the meaning of a “No Parking Any Time” traffic control sign); Palm Beach County v. Town of Palm Beach, 426 So.2d 1063 (Fla. 4th DCA 1983), affirmed, 460 So.2d 879 (Fla.1984) (error to allow expert witness to testify as to legal conclusion); Devin v. City of Hollywood, 351 So.2d 1022 (Fla. 4th DCA 1976) (error for trial court to rely on expert testimony to determine the meaning of terms which were questions of law to be decided by the trial court).
It is difficult to conceive of a hypothetical criminal charge in the trial of which it would be proper for a law college professor to testify as an expert either as to what the law is, or what the legislature intended by its statute, which is the trial judge’s duty, or for such an expert to testify that the facts in the particular case constitute what the law states and means, which is the jury’s duty. This case should be reversed because of the improper admission of the testimony of the law college professor and the unlawful taint it had upon the whole trial.
The sentencing judge in a criminal case has little enough discretion left under the sentencing guidelines contained in the statutes and rules, and appellate courts should uphold the exercise of such discretion where possible, such as, in this case, where the sentencing trial judge “in good conscience” felt compelled to weigh expressed matters in favor of the defendants and to impose a downward departure sentence.[1] The sentencing guidelines are not themselves so clear and distinct as to reasons for departure as to prohibit an experienced criminal court judge from, in a given case, exercising some discretion in departing downward on the part of the defendant for articulated reasons the judge felt were compelling.

. Notwithstanding the fact that the State has a statutory right to appeal a departure from a guidelines sentence, it causes some concern that a defendant may be "chilled" in exercising his constitutional right to appeal substantive and procedural trial errors by consideration of the fact that, as a practical matter, his appeal may cause the State to cross-appeal a downward departure sentence which the State would otherwise not challenge.