The Honorable Robert H. Dillenger Public Defender-Elect Sixth Judicial Circuit 6450 First Avenue North St. Petersburg, Florida 33710
Dear Mr. Dillenger:
You ask substantially the following question:
May a part-time assistant public defender who also has a private practice handle criminal appellate cases in his private practice?
In sum:
A part-time assistant public defender who also has a private practice may not engage in the practice of criminal law, including criminal appellate law, in his private practice.
As the newly elected Public Defender for the Sixth Judicial Circuit, you state that you are interested in utilizing part-time assistant public defenders who also have private practices. Since the Florida Bar now offers certification in criminal trial practice and in criminal appellate practice, you ask whether the prohibition contained in section 27.51(3), Florida Statutes, applies only to assistant public defenders who in their private practice may be involved in criminal trial practice or whether it also applies to those handling criminal appeals in state and federal court.
Section 27.51(3), Florida Statutes, provides:
"Each public defender shall serve on a full-time basis and is prohibited from engaging in the private practice of law while holding office. Assistant public defenders shall give priority and preference to their duties as assistant public defenders and shallnot otherwise engage in the practice of criminal law." (e.s.)
Based on the all-encompassing nature of the prohibition, this office has determined that section 27.51(3), Florida Statutes, applies to part-time as well as full-time assistant public defenders[1] and that the limitation includes both federal and state practice.[2] The terms of the statute are not limited to the practice of criminal law in certain courts or jurisdictions but rather the statute provides a complete prohibition against such private practice by assistant public defenders.[3]
In addition, the statute makes no distinction between trial practice and appellate practice. Section 27.51(3), Florida Statutes, clearly prohibits an assistance public defender from engaging in the practice of criminal law; such language would appear to be broad enough to encompass both criminal trial practice and criminal appellate practice.
In light of the breadth of the language contained in section27.51(3), Florida Statutes, prohibiting assistant public defenders from engaging in the practice of criminal law, this office cannot distinguish between criminal trial practice or criminal appellate practice nor add words of limitation to the statute.[4]
Accordingly, I am of the opinion that a part-time assistant public defender who also has a private practice may not engage in the practice of criminal law, including criminal appellate law, in his private practice.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Op. Att'y Gen. Fla. 68-23 (1968) (since s. 27.51[3], Fla. Stat., makes no distinction between full-time assistant public defenders and part-time assistant public defenders, it applies to all assistant public defenders). Cf., Ops. Att'y Gen. Fla. 75-284 (1975) (s. 27.51[3] prohibits an assistant public defender from being a member of, or associated with, a private law firm which engages in the practice of criminal law in state or federal courts) and 77-104 (1977) (assistant public defender may have a relationship with an existing law firm under certain specific and unique facts).
[2] See, Op. Att'y Gen. Fla. 75-284 (1975).
[3] Compare, Op. Att'y Gen. Fla. 89-88 (1989), concluding that in the absence of a statutory prohibition against private practice by assistant public defenders, assistant public defenders are not prohibited from performing pro-bono legal assistance which does not involve the practice of criminal law and is secondary to the assistant public defenders' official duties.
[4] See generally, In re Order on Prosecution of CriminalAppeals by Tenth Judicial Circuit Public Defender, 561 So.2d 1130
(Fla. 1990) (courts should not add additional words to statute not placed there by the Legislature) and Devin v. City of Hollywood,351 So.2d 1022 (Fla. 4th DCA 1976).