BOOGHER, *Appellant*, v. BRYANT *et al.*

**Malicious Prosecution**: DAMAGES. In an action for malicious prosecution, founded, on a prosecution without probable cause of two of five counts of an information, the plaintiff, in order to recover actual damages, is not required to distinguish by his evidence the damages arising from the prosecution of the two counts sued on from those incident to the other counts. The defendant cannot, by uniting in the information groundless accusations with those for which probable cause might exist, escape liability because of the plaintiff's inability to adjust the damages between the two.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

· *W. C. Marshall* for appellant.

(1) This action, based on the second and fourth counts of the information, is maintainable, notwithstanding the conviction and subsequent acquittal on the first, third and fifth counts. 2 Greenl. Ev., sec. 449 ; *Reed v. Taylor*, 4 Taunt. 616; *Ellis v. Abrahams*, 10 Jurist, 593 ; *Sharpe v. Johnston*, 76 Mo. 660. (2) The plaintiff's legal right of recovery being established, it was not necessary for him to prove special damages ; the whole recovery might be exemplary damages. *Callahan v. Caffarata*, 39 Mo. 136 ; *Buckley v. Knapp*, 48 Mo. 152 ; *Hill v. Palm*, 38 Mo. 13 ; *Sharpe v. Johnston*, 59 Mo. 571 ; *Price v. Whiteley*, 50 Mo. 438 ; *Curry v. Collins*, 37 Mo. 326 ; *Nelson v. Musgrove*, 10 Mo. 648 ; *Sharpe v. Johnston*, 70 Mo. 660 ; *Boogher v. Knapp*, 76 Mo. 457 ; 2 Greenleaf on Ev., sec. 456. (3) This being the second verdict for the plaintiff, the question of excessive damages cannot be raised. R. S., p. 631, sec. 3705; *State ex rel. Wright v. Adams*, 76 Mo. 605 ; *Boyce*

*v. Smith*, 16 Mo. 317. And in such case, if the triers of the facts did not err in a matter of law, "it is useless to examine the instructions." *Pratt v. Cabanne*, 12 Mo. 194; *State ex rel. Wright v. Adams*, 76 Mo. 605.

*E. T. Farish* for respondent.

(1) The instruction, given at the instance of the plaintiff, as to the damages he was entitled to recover, was erroneous. By it the jury are left without guidance as to what circumstances would entitle plaintiff to exemplary damages. (2) Under no aspect of the case, under the testimony, could a verdict for more than nominal damages have been properly rendered, as it was not shown what proportion, if any, of any loss of money, expense, loss of business, or mental or bodily suffering, if any, were produced by the prosecution, under the two counts in the petition. The value of counsel fees for the defence of the whole prosecution, and, also, for defence of a case for criminal conspiracy, was proved to be eight hundred dollars; but who can say, or what means had the jury of determining, how much of that sum was properly apportionable to the defence on the two counts withdrawn? In the nature of things, the plaintiff's damages, if he sustained any, were unsusceptible of computation. (3) The damages found by the jury were excessive. *Lowenthal v. Strong*, 90 Ill. 74; *Walker v. Martin*, 25 Ill. 347; *Sears v. Hathaway*, 12 Cal. 278; *Patton v. Searl*, 8 Cal. 217.

RAY, J.—This is an action for malicious prosecution, based upon two counts in an information for criminal libel, upon which the present plaintiff was prosecuted in the St. Louis court of criminal correction. There were five counts in the information, each charging a distinct libel published at different times, as to three of which the plaintiff herein was, upon the first trial, convicted, though, upon a reversal of the judgment, and a new

trial, the plaintiff herein was finally acquitted. As to the other two counts, being the second and fourth in the information, and those on which the present suit is based, those were, on the first trial in the court of criminal correction, withdrawn by the prosecutor after the evidence for the state had been put in.

The petition in this case contains two counts, the first based on the prosecution under the second count of said information, and the second based on the fourth count of said information. It is further alleged in the petition that, in pursuance of the information, of which said second and fourth counts formed a part, the plaintiff was arrested and prosecuted in the court of criminal correction, and that said court, after hearing all the defendants could say, adjudged the plaintiff not guilty; that said prosecution was without probable cause and was malicious, and that the same was at an end.

The answer denies these allegations and justifies the prosecution on the ground that defendants were directors of the Life Association of America, of which said publications were made. After pleading advice of counsel, the answer sets up that the defendants caused the said information to be lodged in said court; that the same contained the said charges, *and other charges;* that upon a trial thereof, about March 13, 1876, the plaintiff herein was found guilty of the *other charges*, which established the truth of *some* of the charges contained in said information, and afforded probable cause for the course pursued by defendants in causing *all* of said charges to be lodged against plaintiff. The defendants further pleaded the statute of limitations of two years. The reply is a general denial.

Upon these issues there were two jury trials in the circuit court, at the first of which the plaintiff had a verdict and judgment for $15,000, which, on motion of defendants, was set aside and a new trial granted, at which the plaintiff again had a verdict and judgment,

this time for $2,500, on each count of the petition, from which the defendants appealed to the St. Louis court of appeals, where the judgment of the circuit court was reversed, and the cause remanded, from which latter judgment the plaintiff appealed to this court. At the last trial the evidence, as shown by the record, is quite voluminous, and, for the present, we omit any statement of it, as the same, so far as material to the question now before us, will hereinafter otherwise appear in the progress of this opinion. From the view taken of the case by the court of appeals, the instructions given and refused need not be set out, except as hereafter noticed.

A synopsis of the opinion of the court of appeals, is reported in 9 Mo. App. Reports, 592, and is as follows :

"1. An action for malicious prosecution, based on one or more counts in an information for criminal libel, may be maintained where the information was without probable cause, as to those counts, though the plaintiff was convicted under other counts in the petition. (2) In such case, the plaintiff can recover only for damages arising from the prosecution on the counts as to which there was no probable cause. (3) Unless it be shown distinctly what damages arose from the prosecution under these counts, the damages will be nominal." The opinion at length is found in the record, from which we quote such portions thereof as indicate more fully the grounds on which its judgment of reversal is based, to-wit :

"The damages with which we are here concerned are such as arise from the presentation or prosecution of the two counts, as distinguished from those upon which the conviction was had. If damage arose from other sources than the prosecution as charged and relied on in the petition, if it arose from the three counts on which the

conviction was had and their prosecution, the plaintiff ought not to recover the full amount of damages in the present suit. If the plaintiff merely testifies to the effect that in consequence of the filing of the information he was arrested, and that in his defence generally he paid certain sums—which is the state of the case shown by the record—no basis is afforded by which the damages can be adjusted to the injury for which the plaintiff here seeks recovery. It is true that the defendants had no right to present this information, that is, with the second and fourth counts in it; but the question which the plaintiff has raised, both by the petition and upon the issues presented to the jury by instructions, is, what injury arose from such presentation, and from the prosecution of the second and fourth counts, so far as they were prosecuted. As the trial was had below, the verdict should represent this injury and none other.

\*          \*          \*          \*

"Thus the case in the instructions, as well as in the petition, was put on the ground of the prosecution of the second and fourth counts, and it cannot be assumed that the finding of the jury is on the basis of anything else than the presentation of those counts, and the prosecution, so far as it proceeded, which took place under them. But the conviction upon the first, third and fifth counts is a justification, and as the case was tried and the issues to the jury framed, no legal injury arose from their prosecution. If distinct injury arose from the presentation or prosecution of the other counts, or damage which is fairly attributable to those counts, the burden is on the plaintiff to show this. So far as appears the same consequences would have resulted if the second and fourth counts had been omitted, so far as any damage to the plaintiff is concerned. Yet the jury have assessed $2,500 damages on each count of the petition. Thus, in theory, they have not only distinguished between the damages that have arisen from the prosecutions of the

Boogher v. Bryant.

second and fourth counts, and the results of the prosecution of the counts on which the plaintiff was convicted, but have proceeded as though there were evidence enabling them to apportion damages as to each count in the present petition. This error relates to the evidence, there being no evidence to sustain the verdict as it stands.

" The plaintiff's instruction as to the measure of damages assumes that evidence exists showing distinctly what damages arose from the prosecution of the counts on which the petition is founded. Thus the instruction reads : 'If the jury find for the plaintiff he will be entitled to recover such damages as the jury believe from the evidence he suffered by reason of the prosecution mentioned in the plaintiff's petition, and, in addition thereto, the jury may add such further amount, by way of exemplary or punitive damages, as they may think, from all the circumstances, defendants should be punished with, not exceeding the sum of $2500 on each count.' The jury, under the evidence, could not, except by guess, ascertain what damages the plaintiff ' suffered by reason of the prosecution mentioned in the plaintiff's petition,' since the testimony shows no special or peculiar damage thus arising.

\*        \*        \*        \*        \*        \*        \*

" On the evidence the law gave only nominal damages to the plaintiff. We have examined the other instructions, and the criticism made upon them by the defendants, but think that upon the other instructions, both as to those given and refused, the defendants have no ground of complaint. The law appears, in the instructions given for the plaintiff upon the questions of probable cause and malice, to be declared in conformity with the recent decision of the supreme court. *Sharpe v. Johnston*, 59 Mo. 580 ; *Vansickle v. Brown*, 68 Mo. 627."

On motion for re-hearing, the court, speaking of

said instruction, as to the measure of damages, uses the further language: "In the second place, the error of the instruction extends as well to the matter of exemplary damages as to that of actual damages. The jury are told not to be guided by the evidence as to any particular counts or charges, or matters growing out of their presentation or prosecution, or even to the matter of the petition itself, but, without definition as to what circumstances are referred to, are left at liberty to give such further amount as they may think, from all the circumstances, defendant should be punished with, etc. Certainly, if, upon the petition and the instructions asked by the plaintiff and given to the jury, the damages should be limited to those arising from the presentation and prosecution of the second and fourth counts, this instruction was erroneous throughout."

By this opinion it is held, as we understand it, *first :* That plaintiff is required by his evidence to distinguish the damages, arising from the prosecution of the two counts sued on, from those incident to the other counts, improperly joined in the information; that his evidence appearing of record fails to make that discrimination, and, therefore, no basis is afforded by which the damages can be adjusted to the injury complained of; that the verdict should represent this injury only; that the error relates to the want of evidence to sustain the verdict, and that the law on the evidence adduced gave only nominal damages to the plaintiff. *Second :* That the plaintiff's instruction, as to the measure of damages, assumes that evidence exists, showing distinctly what damages arose from the prosecution of the two counts on which the petition is founded; that "the jury, under the evidence, could not, except by guess, ascertain what damages the plaintiff 'suffered, by reason of the prosecution mentioned in the plaintiff's petition,' since the testimony shows no special or peculiar damage, thus arising;" and, further, that "the error of this instruction

Boogher v. Bryant.

extends, as well to the matter of exemplary damages, as to that of actual damages," and is, therefore, erroneous throughout, etc.

After careful examination, we have not been able to agree with some of the views here expressed, or the conclusion reached by the learned court in this opinion. The authorities show, as we think, that, in order to maintain an action like this, "it is not necessary that the whole proceeding be utterly groundless, for, if groundless charges are maliciously and without probable cause, coupled with others which are well founded, they are not on that account the less injurious, and, therefore, constitute a valid cause of action." 2 Greenleaf's Evidence (14 Ed.) sec. 449 ; *Reed v. Taylor*, 4 Taunt. 516 ; *Pierce v. Thompson*, 6 Pick. 193. "As to the *damages*" (the authorities equally show) "whether the plaintiff has been prosecuted by indictment, or by civil proceedings, the principle of awarding damages is the same, and he is entitled to indemnity for peril occasioned to him, in regard to his life, or liberty, for the injury to his reputation, his feelings and his person, and for all the expenses to which he necessarily has been subjected. And if no evidence is given of particular damages, yet the jury are not, therefore, obliged to find nominal damages only." 2 Greenleaf's Evidence, sec. 466 ; *Tripp v. Thomas*, 3 B. & C. 427 ; Bull. N. P. 13-14 ; *Thompson v. Mussey*, 3 Greenleaf, 305 ; *Price v. Whitely*, 50 Mo. 439, 442 ; *Boogher v. Knapp*, 76 Mo. 457.

Elsewhere in its opinion, the court of appeals, speaking of the impropriety and injustice of defendants uniting good and bad counts in the same information, use this language : "Upon principle, it would seem that the fact that some of the charges are well founded, or that a conviction could be procured upon them even, would not justify the defendants, if they had maliciously, and without good grounds, preferred other charges in

the same indictment. It is difficult to see, whatever might be the difficulty as to the measure of damages, how the cause of action, arising from the presentation of the ill-grounded charges would be done away with, because well grounded charges were presented. The obligation would surely be on the defendants to discriminate, and to avoid uniting, with the charges for which probable cause existed, those for which there was not foundation." From this, it is. manifest that whatever difficulty, or impossibility even, there may be, in discriminating between the injuries, resulting from the good and bad counts, thus improperly blended, is chargeable to the wrongful act of the defendants themselves, and, upon principle, it would seem that they should not now be permitted to plead their own wrong in their own justification. If, by their wrongful acts, the plaintiff could not readily apportion his expenses, or dissect his trouble, care, anguish and vexation, and apportion them among the five counts in the information, it would seem cruel to hold that no basis could, therefore, be afforded by which to adjust the damages to the injuries sustained.

Indeed, it would seem almost a mockery to hold that, by uniting groundless accusations with those for which probable cause might exist, the defendants could thereby escape liability, because of the injured party's inability to divide his damages between the two with delicate nicety. Such, we think, is not the law. It was upon this ground alone, and the giving of plaintiff's said instruction as to the measure of damages, that the judgment of the circuit court was reversed, and the cause remanded. The foregoing instruction, as to the measure of damages, or one substantially like it, was approved by this court, in the case of *Sharpe v. Johnston et al.*, 59 Mo. 574. That case, like this, was for a malicious prosecution, and we see no just objection to the rule, as to the measure of damages, when applied to

the facts of this case.   See, also, *Callahan v. Caffarata*, 39 Mo. 136.   We see no merit, in the other proposition, suggested in the brief of defendants' counsel, and they need not be further noticed.

For these reasons the judgment of the court of appeals is reversed, and the cause remanded to that court, with directions to enter up a judgment affirming that of the circuit court.   All concur.