STIVERS ET AL. v. OLD NATIONAL BANK.

[No. 169A5. Filed December 9, 1970. Rehearing denied January 27, 1971. No petition for transfer filed.]

*Robert D. Schuttler,* of Evansville, for appellant.

*John L. Carroll, Edwin W. Johnson, Charles C. Griffith, Johnson and Carroll,* of counsel, of Evansville, for appellee and cross-appellant.

CARSON, J.—This was a civil action brought originally by appellee, Old National Bank in Evansville (Bank), against appellant-John C. Stivers and one Fred Hensler to enforce the collection of an unpaid commercial check which had been returned for insufficient funds by the Bank upon which it was drawn. To this complaint defendant-appellant, Stivers, filed general denial.

In the same cause, appellant-Stivers filed a counter-claim alleging malicious prosecution against the plaintiff-Bank for damages arising out of a criminal charge of theft filed in the Evansville City Court by plaintiff-Bank against appellant-Stivers in connection with the nonpayment of the same check, and prior to the adjudication of the civil action.

Trial by jury was had on plaintiff-Bank's complaint for non-payment of the check and on the defendant-Stivers' counter-claim against the plaintiff for malicious prosecution. ·

At the conclusion of plaintiff-Bank's evidence on its bad-check charge and the evidence by appellant-Stivers on his counter-complaint, the court sustained a motion by the plaintiff-Bank for a directed verdict in its favor and against defendant-appellant on his counter-complaint for malicious prosecution. On its own motion the court directed the jury to find for defendant-Stivers and against plaintiff-Bank on plaintiff's complaint on the check.

Both parties to the action timely filed motions for a new trial with respect to the directed verdicts entered against them. The motions for new trial were overruled and both parties appeal from the respective judgments.

The circumstances of this case are as follows: Appellant-Stivers was associated with Fred Hensler, owner of Quality Motors in Evansville, Indiana. Stivers acted as manager of the automobile sales lot, selling and buying cars; and he had authority to sign all checks. On July 10, 1966, Stivers gave Hensler several blank checks to pay bills after being assured by Hensler that adequate funds existed to cover the withdrawals. One of the blank checks was given to appellee-Bank to pay off the balance owed on an automobile. The check was returned because of insufficient funds on or about August 12, 1966. Appellee-Bank issued notification to both Stivers and Hensler on September 2, 1966, that the Bank would prosecute under Acts 1963 (Spec. Sess.), ch. 10, § 10, p. 10, Ind. Stat. Anno., § 10-3037, Burns' 1956 Repl., if the amount of the check

was not paid within 30 days. Appellee-Bank also threatened civil suit within one week if sufficient funds were not forthcoming.

The amount of the check was not paid. Appellee-Bank first instituted civil suit against Stivers and Hensler and, later, on October 3, 1966, filed an affidavit against Stivers charging him with the crime of theft. The criminal charge was terminated in favor of appellant-Stivers on December 13, 1966, by *nolle prosequi* on the part of the county prosecutor.

Both the appeal of John C. Stivers and the assignment of cross-errors by the Bank present us with the question of whether or not the trial court was justified in granting a directed verdict.

The principles which govern the granting of a motion for a directed verdict and peremptory instruction by a trial court were cogently set out in *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 680, 122 N. E. 2d 734. Under *Whitaker* a peremptory instruction to the jury to find for a defendant is justified only "[w]*hen there is a total absence of evidence or legitimate inference in favor of the plaintiff upon an essential issue;* or where the evidence is without conflict and is susceptible of but one inference and that inference is in favor of the defendant." (Citing authorities.) (Emphasis supplied.)

*Whitaker* further held, at 680-681 of 233 Ind., at 735 of 122 N. E. 2d, as follows:

> "When there is some evidence or legitimate inference supporting each material allegation of the complaint, the court will not weigh the conflicting evidence or inferences but will consider only the evidence and inferences that are most favorable to the party against whom the motion for a peremptory verdict is directed. (Citing authorities.)

> "In determining whether a peremptory instruction should be given the court must accept as true all facts which the evidence tends to prove and draw, against the party requesting such instruction, all inferences which the jury might reasonably draw." (Citing authorities.)

If, on review of the record, the Appellate Court finds any evidence or legitimate inferences which support the theory of the party appealing, the trial court must be reversed. This court will not weigh the evidence; we look solely to the evidence and inferences most favorable to the party against whom the directed verdict was entered. *Stover* v. *Fechtman* (1966), 140 Ind. App. 62, 222 N. E. 2d 281.

We now turn to a consideration of the particular directed verdicts here involved. Appellant-Stivers in his motion for a new trial on his cross-complaint against appellee-Bank assigns the following errors:

1. The verdict of the jury is contrary to law.
2. Error of law occurring at the trial, as follows:

   (a) The court erred in sustaining the plaintiff's motion, made at the close of defendant's evidence, to instruct the jury to return a verdict for the plaintiff on defendant's cross-complaint.
   (b) The court erred in giving to the jury at the request of the plaintiff an instruction to return a verdict for the plaintiff on defendant's cross-complaint.

The plaintiff in an action for malicious prosecution must prove the following: That defendant instituted a prosecution or caused it to be instituted; that defendant acted maliciously *and* without probable cause; and that the prosecution was terminated in plaintiff's favor. *Cassidy* v. *Cain* (1969), 145 Ind. App. 581, 251 N. E. 2d 852 (transfer denied); *Dwyer* v. *McClean* (1961), 133 Ind. App. 454, 175 N. E. 2d 50 (transfer denied).

Appellant-Stivers argues, at page 37 of his brief, that "[t]he appellant's evidence disclosed a lack of probable cause *or* the existence of malice, * * *." (Emphasis supplied.) It is clear from the case law that all of the aforementioned elements of malicious prosecution do not exist as alternatives. We agree with appellant-Stivers' argument that malice may be implied from lack of probable cause, and that the question of malice is for the jury. *Pontius* v. *Kimble* (1914),

56 Ind. App. 144, 104 N. E. 981. *Lack of probable cause,* however, *cannot* be implied from malice; *McCasland* v. *Kimberlin* (1885), 100 Ind. 121; nor is it a question for the jury. *Cleveland, etc. R. Co.* v. *Dixon* (1912), 51 Ind. App. 658, 96 N. E. 815.

Probable cause for the institution of a criminal prosecution, so as to defeat an action for malicious prosecution, exists where the facts found on reasonable inquiry are such as will reduce a reasonably intelligent and prudent person to believe that the accused had committed the crime charged. *Indianapolis Traction & Terminal Co.* v. *Henby* (1912), 178 Ind. 239, 97 N. E. 313; *Hutchinson* v. *Wenzel* (1900), 155 Ind. 49, 56 N. E. 845.

Furthermore, § 10-3037, *supra,* states that a person commits a crime when:

". . . he issues or delivers a check or other order upon a credit institution or person for the payment of money or other property, knowing that it will not be paid or honored by the drawee. The fact that the drawer has insufficient funds in or has no account with the drawee credit institution shall create an inference that the actor knew that it would not be paid or honored by the depository: Provided, *That such maker or drawer shall not have paid the drawee thereof the amount due thereon, together with protest fees, within thirty [30] days after receiving notice that such check, draft or order has not been paid by the drawee;* . . ."[1] (Emphasis supplied.)

The evidence in the case before us clearly shows that appellant-Stivers issued a check for which no funds were available. Furthermore, after receiving notice from appellee-Bank of the deficiency, appellant-Stivers did not pay the amount due thereon within the 30-day period as prescribed by § 10-3037, *supra.* Probable cause existed as a matter of law, and in our opinion the court was correct in its instructions so far as they pertain to the cross-complaint for malicious prosecution.

---

1. The 30-day limit was amended in 1969 to read 10 days.

Appellee, in its motion for a new trial, assigned as error: "The decision of the Court is contrary to law." Such specification was supported by a memorandum. This memorandum points out, and we agree, that the evidence clearly establishes Stivers' responsibility insofar as the worthless check is concerned. Stivers himself testified under oath that he signed the check. It is also clear that appellee-Bank released its loan on a certain automobile in reliance upon the validity of said check. It is further uncontradicted that the check was returned and unpaid because of insuffiicent funds. Demand was made for payment, but the worthless check remains unpaid.

Appellant-Stivers puts forth several technical errors which he contends are grounds sufficient for this court to uphold the actions of the trial court. We do not agree. A reading of the briefs and transcript filed herein makes it clear that Stivers was the unfortunate victim, more or less, of Mr. Hensler, but this does not lessen his legal responsibility as far as the unpaid check is concerned. Acts 1963, ch. 317, § 3-802, p. 539, Ind. Stat. Anno., § 19-3-802, Burns 1968 Repl., reads, in pertinent part, as follows:

> "Effect of instrument on obligation for which it is given.
> "(1)  Unless otherwise agreed where an instrument is taken for an underlying obligation.
>
> \*          \*          \*          \*          \*
>
> (b)  . . . *If the instrument is dishonored action may be maintained on either the instrument* or the obligation;
> . . ." (Emphasis supplied.)

It is our opinion, therefore, that the directed verdict against the Bank on its complaint for the check was contrary to law. Inasmuch as the record enables us to fully ascertain and declare the justice of this particular case, it is our prerogative to render a judgment that will secure each party his just rights in cases as this, where the facts are not in dispute and all the material matters appear upon the face of the record. Rule AP. 15(m) (2), Ind. Rules of Appellate Procedure.

The judgment of the trial court is reversed as it pertains to

the directed verdict against appellee-Bank's complaint on the check. The trial court is instructed to enter a judgment in favor of appellee-Bank on said complaint. The judgment of the trial court is affirmed as to its judgment on the cross-complaint for malicious prosecution.

Judgment reversed in part, and affirmed in part.

Lowdermilk, C.J., and Sullivan, J., concur; Lybrook, J., not participating.

NOTE.—Reported in 264 N. E. 2d 339.