Pamela McQUEEN, Appellant (Plaintiff),

v.

CITY OF INDIANAPOLIS, Joseph E. Know, Eugene Smith and Terry Brownlee, Appellees (Defendants).

No. 2–378–A–71.

Court of Appeals of Indiana, Second District.

Nov. 17, 1980.

Opinion on Rehearing Jan. 19, 1981.

Mark A. Pope, Charles G. Reeder, Johnson & Weaver, Indianapolis, for appellant.

Sheila S. Suess, Corp. Counsel, City of Indianapolis, Indianapolis, William L. Soards, Soards & Carroll, Indianapolis, for appellees.

SULLIVAN, Judge.

Pamela McQueen brought a civil action for damages against the City of Indianapolis, Joseph E. Knox, Eugene Smith, and Terry Brownlee alleging three different torts: 1) malicious prosecution, 2) false arrest or false imprisonment, and 3) abuse of process. The trial court granted defendants' joint motion for judgment on the evidence after McQueen rested her case. On appeal, McQueen questions whether judgment on the evidence as to the malicious prosecution count was properly granted.[1]

■ It was stated by this court in *Geyer v. City of Logansport* (2d Dist. 1976) Ind. App., 346 N.E.2d 634, 638 that granting judgment on the evidence is proper:

> "only if there is no evidence or reasonable inference to be drawn from the evidence in favor of the party opposing the motion on at least one essential element. The evidence must be without conflict and susceptible of only one inference, that being in favor of the moving party. The trial court must draw all rational inferences in favor of the party opposing the motion, and it may not substitute its judgment for that of the jury on questions of fact or grant the motion because the evidence preponderates in favor of the moving party." (Citations omitted)

This standard has recently been reaffirmed by our Supreme Court. *See Huff v. Travelers Indemnity Co.* (1977) 266 Ind. 414, 363 N.E.2d 985.

Accordingly, we must examine the record to determine whether any evidence was introduced in support of each of the elements necessary for recovery in an action for malicious prosecution.

■ An action for malicious prosecution will lie when the plaintiff proves:

1) that the defendant instituted or caused to be instituted a prosecution,

---

1. McQueen does not appeal the judgment with respect to her claims of false arrest or false imprisonment and abuse of process.

2) that the defendant acted with malice,

3) that there was a want of probable cause for instituting the prosecution, and

4) that the prosecution was terminated in the plaintiff's favor.

*Peoples Bank & Trust Co. v. Stock* (1st Dist. 1979) Ind.App., 392 N.E.2d 505; I.C. 35–1–113–1 (Burns Code Ed. 1975).[2]

■ It is undisputed that the defendants caused McQueen to be charged with four violations, to wit: drawing a deadly weapon, harboring a non–immunized dog, owning an animal without having a city dog license, and permitting a dog to run at large within the city. In a jury trial, the proceedings were terminated in favor of McQueen. The question of malice is one for the jury and malice may be inferred from a lack of probable cause. *Stivers v. Old National Bank in Evansville* (1970) 148 Ind. App. 196, 264 N.E.2d 339. The crucial issue in the instant case, then, is whether the defendants acted with probable cause.

In the trial court's ruling on the motion for judgment on the evidence, the judge stated in pertinent part: "Count I is on malicious prosecution and the central element on that count is a lack of probable cause. I think by the plaintiff's own testimony *there was sufficient probable cause for the charge for drawing a deadly weapon* and [for] that reason I feel compelled to grant the motion on Count I." McQueen presents two issues with regard to the probable cause finding. They are: 1) that probable cause as a matter of law did not exist for the charge of drawing a deadly weapon, and 2) that even if probable cause existed as to the weapon charge, judgment on the evidence was improperly granted with respect to the existence *vel non* of probable cause as to the remaining three charges.

I.

■■ Drawing a deadly weapon is proscribed by I.C. 35–1–79–1 (Burns Code Ed. 1975).[3] "Whoever draws, or threatens to use, any . . . gun, shotgun or other deadly

or dangerous weapon" is subject to criminal penalty, "[p]rovided, [t]hat the provisions of this section shall not apply to a person drawing or threatening to use such dangerous or deadly weapon in defense of his person or property. . . ." Probable cause for the institution of a criminal prosecution exists where the facts found on reasonable inquiry would induce a reasonably intelligent and prudent person to believe that the accused had committed the crime charged. *Stivers v. Old National Bank in Evansville, supra,* 264 N.E.2d at 342. The gist of McQueen's argument is that since she testified that she was defending herself, there could not be probable cause for the charge of drawing a deadly weapon. The pivotal issue, then, is whether an accuser must negate a statutory exception in order to show probable cause for bringing a charge against the accused. Our research has not disclosed direct precedential authority. However, some guidance is provided by case law concerning the analogous problem of sufficiency of indictments. The cases in that area establish that when an offense is created by statute and another statute or another section of the same statute delineates exceptions, the prosecution need not negate the exceptions by stating in the indictment that the defendant does not come within those exceptions. Instead, such exceptions are matters for the defense. *Stanley v. State* (1969) 252 Ind. 37, 245 N.E.2d 149; *Gray v. State* (2d Dist. 1974) 159 Ind.App. 200, 305 N.E.2d 886. So, for example, in a criminal prosecution for a violation of the Firearms Act, the State was not required to show that the defendant did not come within the statutory exception which allowed law enforcement agents to possess firearms. *Day v. State* (1968) 251 Ind. 399, 241 N.E.2d 357.

By analogy, we hold that the court need not consider the self defense claim in its determination of probable cause. Any holding to the contrary would be a declaration that probable cause is tantamount to guilt. Thus, based upon Mrs. McQueen's uncontro-

---

**2.** Repealed by Acts 1977, P.L. 26, § 25, effective October 1, 1977.

**3.** Repealed by Acts 1977, P.L. 148, § 24, effective October 1, 1977.

verted testimony that "I walked down on the porch and I had the gun at my side and I pointed it at them", the trial court correctly found as a matter of law the existence of probable cause for charging her with drawing a deadly weapon.

## II.

McQueen's second allegation of error is that the court's finding of probable cause as to one charge did not as a matter of law compel judgment on the evidence since there was no showing that probable cause existed for the remaining criminal charges. While there appear to be no Indiana cases dealing with this precise issue, several other jurisdictions have addressed this issue. The Supreme Court of Missouri first confronted the problem in 1885. There, an action for malicious prosecution was brought after the defendants unsuccessfully prosecuted the plaintiff for five distinct counts of criminal libel; the defendants contended that since *some* of the five counts were meritorious, an action for malicious prosecution could not lie. The Missouri Court in *Boogher v. Bryant* (1885) 86 Mo. 42, 50 sanctioned a finding of liability:

"[I]t is manifest that whatever difficulty, or impossibility even, there may be, in discriminating between the injuries, resulting from the good and bad counts, thus improperly blended, is chargeable to the wrongful act of the defendants themselves, and, upon principle, it would seem that they should not now be permitted to plead their own wrong in their own justification. If, by their wrongful acts, the plaintiff could not readily apportion his expenses, or dissect his trouble, care, anguish and vexation, and apportion them among the five counts in the information, it would seem cruel to hold that no basis could, therefore, be afforded by which to adjust the damages to the injuries sustained.

Indeed, it would seem almost a mockery to hold that, by uniting groundless accusations with those for which probable cause might exist, the defendants could thereby escape liability, because of the injured party's inability to divide his damages between the two with delicate nicety. Such, we think, is not the law."

The *Boogher* case has been cited with approval in other jurisdictions. *See Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 529 P.2d 608, 118 Cal.Rptr. 184; *Singleton v. Perry* (1955) 45 Cal.2d 489, 289 P.2d 794; *Gowin v. Heider* (1963) 237 Or. 266, 386 P.2d 1, 391 P.2d 630.

As to the problem of apportioning damages, several jurisdictions have held that the defendants must shoulder the burden of apportioning proven damages. *Singleton v. Perry, supra* at 800. The policy of shifting the burden of proof was best expressed by California's Chief Justice Wright in *Bertero v. National General Corp., supra* :

"The malicious commencement of a civil proceeding is actionable because it harms the individual against whom the claim is made, and also because it threatens the efficient administration of justice. The individual is harmed because he is compelled to defend against a fabricated claim which not only subjects him to the panoply of psychological pressures most civil defendants suffer, but also to the additional stress of attempting to resist a suit commenced out of spite or ill will, often magnified by slanderous allegations in the pleadings. . . .

. . . [I]n the case of the assertion of a maliciously prosecuted complaint with one for which there was probable cause . . . the burden of proving such an apportionment must rest with the party whose malicious conduct created the problem. To place the burden on the injured party rather than upon the wrongdoer would, in effect, clothe the transgressor with immunity . . . . In situations in which a plaintiff has proven damages proximately caused by the negligence of several defendants, we have placed upon the defendants the burden of absolving themselves from culpability . . ., and have also required that a defendant prove what portion of the totality of damages his negligence has caused when the evidence

establishes that he has contributed substantially to the total damages .... Similarly in the instant case the defendants must shoulder the burden of apportioning proven damages." 118 Cal.Rptr. 190, 196–197, 529 P.2d 614, 620–21 (citations omitted).

We adopt the reasoning of these cases and accordingly remand the proceedings with instructions for the trial judge to make findings with reference to the probable cause for instituting the remaining charges concerning the dog. In the event that a lack of probable cause for the commencement of these counts is found, the trial court is instructed to set the cause for trial.

McQueen also presents as error the trial court's denial of her motion for leave to amend her complaint to conform to the evidence. She had attempted to submit two additional grounds of recovery. We do not address this issue for in so doing we would be forced to speculate on the court's actions upon remand.

Reversed and remanded for further proceedings consistent herewith.

BUCHANAN, C. J., and SHIELDS, J., concur.

SULLIVAN, J.

### OPINION ON PETITION FOR REHEARING

 In its Petition for Rehearing, the City, for the first time at any stage of these proceedings either at trial or upon appeal, argues that it is immune from a suit for malicious prosecution, citing *Livingston v. Consolidated City of Indianapolis* (1st Dist. 1979) Ind.App., 398 N.E.2d 1302.

Such argument is at best frivolous and at worst disingenuous. Immunity may not be claimed for the first time on appeal. *Miller v. Griesel* (1974) 261 Ind. 604, 308 N.E.2d 701. As stated, at no time did the City claim immunity from suit by plaintiff McQueen for malicious prosecution. Nor could it have done so upon the grounds discussed in the *Livingston* case. There, the immunity claimed in the City's Motion to Dismiss was premised upon I.C. 34–4–16.5–3, the Tort Claims Act which was not effective until February 19, 1974, some three years after institution of the lawsuit involved here.

We reaffirm our decision of November 17, 1980, reversing the judgment of the trial court and remanding the cause for further proceedings.

BUCHANAN, C. J., and SHIELDS, J., concur.