NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

No. 24-1684
————————

RAFFAELLA MARIE SPONE,
                    Appellant

v.

POLICE OFFICER MATTHEW J. REISS;
LOUIS BELL; HILLTOWN TOWNSHIP;
SHERRI RATEL; KAYLA RATEL;
JENNIFER HIME; MADELINE HIME;
MATHEW WEINTRAUB; THE COUNTY OF BUCKS
————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2:23-cv-00147)
District Judge:  Honorable Kai N. Scott
————————

Argued on January 16, 2025
————————

Before:  PHIPPS, FREEMAN, and CHUNG <u>Circuit Judges</u>

(Filed: March 3, 2025)

Robert J. Birch
465 Commerce Drive
Fort Washington, PA 19401

Shawn M. Rodgers **[ARGUED]**
GOLDSTEIN LAW PARTNERS
200 School Alley
Suite 5
Green Lane, PA 19440
        *Counsel for Appellant*

Joshua Brownlie **[ARGUED]**
Joseph J. Santarone, Jr.
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
2000 Market Street
Suite 2300
Philadelphia, PA 19103
  *Counsel for Appellee Police Officer Matthew Reiss*

Matthew R. Estberg
David J. MacMain **[ARGUED]**
MACMAIN LEINHAUSER
433 W Market Street
Suite 200
West Chester, PA 19382
30 North Third Street, Suite 200
  *Counsel for Appellees Louis Bell and Township of Hilltown*

Keith J. Bidlingmaier
Bidlingmaier & Bidlingmaier
201 Corporate Drive E
Langhorne, PA 19047

Dara Burns
Bucks County Law Department
55 E Court Street
5th Floor
Doylestown, PA 18901

Jessica Vanderkam **[ARGUED]**
Stuckert & Yates
2 N State Street
P.O. Box 70
Newtown, PA 18940
  *Counsel for Appellee Mathew Weintraub and County of Bucks*

James J. Dodd-O
Gregory C. Kunkle
THOMAS THOMAS & HAFER
1550 Pond Road
Suite 210
Allentown, PA 18104
  *Counsel for Jennifer Hime and Madeline Hime*

_____

OPINION[1]

_____

CHUNG, <u>Circuit Judge</u>.

Raffaella Spone was charged with cyber harassment of a child and harassment after she anonymously texted compromising photos and videos of her daughter's teenage cheerleading rivals to others. While Spone was convicted of harassment, the cyber harassment charges were _nolle prossed_ on the first day of trial. Spone filed suit and claimed that her cyber harassment charges were based on fabricated evidence and that various defendants' public statements about those charges were defamatory. The District Court dismissed Spone's Complaint for failure to state a claim. Though the dismissal was without prejudice, the District Court determined that the <u>Heck</u> doctrine barred Spone's fabricated evidence claim and that Spone could not amend that claim until the <u>Heck</u> bar no longer applied. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486–87 (1994).

For the reasons discussed below, we conclude that Spone has failed to state any claims upon which relief could be granted, and thus, the District Court did not err in dismissing Spone's Complaint without prejudice. We further conclude, though, that Spone's fabricated evidence claim was not barred by the <u>Heck</u> doctrine. We will thus reverse in part for proceedings consistent with this opinion.

_____

[1] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

3

I.    BACKGROUND[2]

Raffaella Spone's teenage daughter was a member of a competitive cheerleading gym.  In an apparent attempt to advance her daughter's cheerleading prospects, Spone anonymously sent photos and videos of three girls, who were also members of the gym, drinking, vaping, and appearing to be nude to the girls' mothers and cheer coaches.

One of the girls' mothers contacted the police in Hilltown Township and spoke with Officer Matthew Reiss about the anonymous messages sent by Spone.  She informed Reiss that the photos and videos were "deepfakes," that all three girls were minors, and that her daughter had directly received messages telling her to "kill yourself."

Reiss and Detective Louis Bell drafted an affidavit of probable cause repeating these allegations to obtain a search warrant. They executed that search warrant on December 18, 2020, seizing Spone's phone and other electronic devices.  On March 4, 2021, Spone was charged by complaint with three counts of cyber harassment of a child, 18 Pa. Cons. Stat. § 2709(a.1)(1)(i), and three counts of harassment, 18 Pa. Cons. Stat. § 2709(a)(5).  Spone was arrested on March 12, 2021.[3]  To obtain the criminal complaint, Reiss and Bell repeated the same allegations from their previous affidavit.[4]

---

[2]    Because we write for the parties, we recite only facts pertinent to our decision.

[3]    At oral argument, counsel for Spone acknowledged that Spone had voluntarily answered a summons.  See Oral Arg. at 9:12–9:30.  We will assume this resulted in her arrest.

[4]    Neither of the affidavits were included in the record, so we make this determination based on the factual allegations contained in the Complaint, which we

Days after Spone's arrest, Bucks County District Attorney Mathew Weintraub held a press conference where he stated, among other things, that the photos and videos were "deepfakes," that all three girls were minors, and that one of the girls had directly received messages telling her to "kill yourself." Significant national and international press coverage of the case ensued.

On or before May 14, 2021, the date of Spone's preliminary hearing, Weintraub became aware that deepfake technology may not have been used to doctor the photos and videos. The prosecution pushed forward on the theory that all three girls were minors and that Spone had told one of the girls to "kill yourself," however. At some point, defendants learned that one of the girls was not a minor and that Spone had not told any girl to kill herself.

Trial began on March 21, 2022, and on that day, Weintraub dropped the cyber harassment charges against Spone. Spone was subsequently convicted of the harassment charges and sentenced to probation. She appealed, and the Superior Court of Pennsylvania affirmed her conviction.

After her unsuccessful appeal of the harassment convictions to the Superior Court of Pennsylvania, Spone filed a Complaint in the United States District Court for the Eastern District of Pennsylvania alleging that (1) Reiss, Bell, and Weintraub were liable under 42 U.S.C. § 1983 for prosecuting her on cyber harassment charges based upon

---

accept as true at this stage in the proceedings. See Klotz v. Celentano Stadtmauer and Walentowicz LLP, 991 F.3d 458, 462 (3d Cir. 2021).

fabricated evidence ostensibly in violation of her Fourteenth Amendment due process rights (Count One); (2) Reiss and Weintraub were liable under § 1983 for defaming her, thereby depriving her of her liberty interest in her reputation in violation of the Fourteenth Amendment (Count Two); (3) Hilltown Township and Bucks County were liable under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) for the constitutional violations committed by Reiss, Bell, and Weintraub (Count Three); and (4) Reiss, Bell, and Weintraub were liable for state law defamation, invasion of privacy, and false light[5] (Counts Four and Five).

Reiss, Bell, and Weintraub filed Motions to Dismiss Spone's Complaint, which the District Court granted. In that order, the District Court dismissed all federal claims without prejudice for failure to state a claim and declined to exercise supplemental jurisdiction over Spone's state law claims. But the District Court also found that Spone's fabricated evidence claim at Count One was barred by the Heck doctrine unless and until her harassment convictions were vacated or otherwise invalidated. This determination essentially foreclosed amendment of Count One. In lieu of amending her Complaint, Spone timely appealed.

II.    DISCUSSION[6]

---

[5]    Spone also named two of the mothers whom she texted, as well as their daughters, as defendants. One pair was voluntarily dismissed, and the other pair notified us that they would not be participating in the appeal.

[6]    The District Court had subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

On appeal, Spone argues that: (1) she stated a fabricated evidence claim under § 1983, and that claim was not barred by Heck; (2) she stated a claim for Fourteenth Amendment defamation; (3) since she suffered the two preceding constitutional violations, the District Court erred in not considering Spone's Monell claims; and (4) since she stated several claims arising under federal law, the District Court erred in declining to exercise supplemental jurisdiction over Spone's state law claims.

We disagree with Spone on all of these points, except with respect to the application of the Heck doctrine. As Heck does not bar Spone's fabricated evidence claim, it was error for the District Court to conclude that Spone could not amend her Complaint until some date uncertain.

A.     Spone's § 1983 fabricated evidence claim[7]

1.     Spone failed to state a fabricated evidence claim.

In Count One of her Complaint, which is ostensibly brought pursuant to the Fourteenth Amendment, Spone alleges that Reiss, Bell, and Weintraub fabricated

---

[7]     "Our review of a district court's ruling on a motion to dismiss is plenary." W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010). Rule 8(a)(2) requires "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (cleaned up). "A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted only if, accepting as true the facts alleged and all reasonable inferences that can be drawn therefrom there is no reasonable reading upon which the plaintiff may be entitled to relief." Vallies v. Sky Bank, 432 F.3d 493, 494 (3d Cir. 2006) (internal quotations omitted). While "detailed factual allegations" are not required to survive a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (cleaned up).

7

evidence, violating her constitutional rights via § 1983.[8]  But the "validity" of a § 1983

claim must be judged by reference" to "the specific constitutional right allegedly

infringed" as well as the standard which governs that right.  Graham v. Connor, 490 U.S.

386, 394 (1989); see id. at 393–94 ("§ 1983 is not itself a source of substantive rights, but

merely provides a method for vindicating federal rights elsewhere conferred" (internal

quotations omitted)).  And Spone fails to fully plead the elements of a Fourteenth

Amendment violation,[9] or any other specific constitutional violation.[10]  For instance,

Spone alleges that she was charged based on fabricated evidence and appears to

challenge Reiss, Bell, and Weintraub's submissions to the courts at the two different

---

[8]  Specifically, Spone argues that Reiss, Bell, and Weintraub "intentionally and maliciously swore" that Spone created deepfakes of videos or photos, stated all alleged victims were minors, and told a minor to "kill yourself," despite knowing that such information was false.  App. 105.

[9]  In Count One, Spone states, without further analysis, that "[t]he Fourteenth Amendment protects the 'due process right not to have police deliberately fabricate evidence and use it to frame and bring false charges against a person.'"  App. 106.  Spone appears to be relying on the Fifth Circuit's now-vacated decision in Cole v. Carson, 802 F.3d 752, 771 (5th Cir. 2015) cert. granted, judgment vacated sub nom. Hunter v. Cole, 580 U.S. 994, 137 S. Ct. 497, 196 L. Ed. 2d 397 (2016), and opinion reinstated in part, 905 F.3d 334 (5th Cir. 2018).  There, the Fifth Circuit explained that the plaintiff stated a claim for a Fourteenth Amendment substantive due process violation where he alleged that the defendant officers knowingly lied to investigators about an altercation with plaintiff, and that lie caused the plaintiff to be charged.  Id. at 774; see also Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001).  We have indicated that a Fourteenth Amendment fabricated evidence claim requires allegations of "a police officer's fabrication and forwarding to prosecutors of known false evidence."  Halsey v. Pfeiffer, 750 F.3d 273, 293 (3d Cir. 2014).

[10]  At times, Count One might also be read as attempting to assert a Fourth Amendment malicious prosecution claim, or a Fourth Amendment false arrest claim.

8

points in time when probable cause was assessed: the filing of her criminal complaint and her preliminary hearing. The former might implicate the Fourth Amendment, while the latter might implicate the Fourteenth Amendment.[11] See Halsey, 750 F.3d at 291. Both would require a showing that at the time of the probable cause finding, the defendants offered false evidence willfully, knowingly, or with reckless disregard for the truth. Id. at 291–92; Mervilus v. Union Cnty., 73 F.4th 185, 194 (3d Cir. 2023). But Spone alleges no facts demonstrating that any defendant swore to an affidavit of probable cause knowing it contained false information at the time it was sworn, nor that any defendant "recklessly omit[ed] facts that any reasonable person would want to know" or had "obvious reasons to doubt the truth of what he … was asserting." See United States v. Yusuf, 461 F.3d 374, 383 (3d Cir. 2006) (setting forth standards to identify what constitutes "reckless disregard for the truth."). Similarly, Spone fails to allege what false evidence was offered at the preliminary hearing by whom and what each defendant knew at that time.

This jumbled pleading fails to give Weintraub, Bell, and Reiss "fair notice of what" constitutional right she claims they violated and of "the grounds upon which [they] rest[]," Twombly, 550 U.S. at 555 (internal quotations omitted), and does not "allow[] the

---

[11] We note that Spone's cyber harassment charges did not proceed to trial, so it is questionable which amendment applies. Regardless, as noted above, Spone fails to plausibly allege the elements of a Fourth or Fourteenth Amendment claim. See Thompson v. Clark, 596 U.S. 36, 44 (2022) (Fourth Amendment malicious prosecution elements); Halsey, 750 F.3d at 294 (Fourteenth Amendment fabricated evidence elements); Wilson v. Russo, 212 F.3d 781, 786–87 (3d Cir. 2000) (Fourth Amendment false arrest elements).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, Spone's Complaint fails to meet the standards of Rule 8, much less Rule 12(b)(6). We will affirm the dismissal of Count One.

> 2. The Heck doctrine does not bar Spone's fabricated evidence claim.

The District Court did err, however, in determining that the Heck doctrine barred Spone's claims in Count One and that, as a result, Spone could not amend her Complaint until she received a "favorable termination" of her harassment convictions.

The Heck doctrine may apply when a plaintiff seeks "damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." Heck, 512 U.S. at 486 (footnote omitted). In such situations, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise been called into question. Id. at 486–87. This is known as the "favorable-termination requirement." See Coello v. DiLeo, 43 F.4th 346, 353 (3d Cir. 2022).

Heck does not apply here. First, Spone does not challenge an "allegedly unconstitutional conviction or imprisonment." Rather, she challenges the constitutionality of the initiation or imposition of her cyber harassment charges (and arrest). The only possible convictions that could be "render[ed] … invalid" by Spone's claim are her harassment convictions. Heck, 512 U.S. at 486. Heck would only apply, then, if "[i]n order to prevail in this § 1983 action, [Spone] would have to negate an element of the [harassment] offense of which [she] has been convicted." Id. at 486 n.6.

10

While cyber harassment of a child under 18 Pa. C.S.A § 2709(a.1)(1)(i) and harassment under 18 Pa. C.S.A. § 2709(a)(5) both generally require proof that a defendant repeatedly made statements or communicated with the "intent to harass, annoy or alarm,"[12] Spone's § 1983 action does not challenge probable cause as to this element. Instead, she argues in her Complaint that the statements or opinions she communicated were not "seriously disparaging" because they were not deepfakes and were not threatening, and that she did not directly communicate those statements or opinions to a child or publish them to social media. Prevailing on her allegations of either defect would negate probable cause for the cyber harassment charges but would not impact the validity of the harassment convictions.[13] As successful prosecution of Spone's § 1983 claim would not "necessarily imply that [Spone]'s criminal conviction was wrongful,"

---

[12]      Spone was charged with cyber harassment of a child under 18 Pa. Cons. Stat. § 2709(a.1)(1)(i) and harassment under 18 Pa. Cons. Stat. § 2709(a)(5). "A person commits the crime of cyber harassment of a child if, with intent to harass, annoy or alarm, the person engages in a continuing course of conduct of making … seriously disparaging statement[s] or opinion[s] about the child's physical characteristics, sexuality, sexual activity or mental or physical health or condition" "by electronic means directly to a child or by publication through an electronic social media service." 18 Pa. Cons. Stat. § 2709(a.1)(1)(i). Meanwhile, "[a] person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person … communicates repeatedly in an anonymous manner." 18 Pa. Cons. Stat. § 2709(a)(5).

[13]      Furthermore, the concern raised in Heck, that § 1983 claims "are not appropriate vehicles for challenging the validity of outstanding criminal judgments," 512 U.S. at 486, is not at issue here, where Spone is not using her § 1983 claim to "collaterally attack[] [her] underlying conviction[], directly or indirectly," Grier v. Klem, 591 F.3d 672, 677 (3d Cir. 2010).

11

Spone's § 1983 claim is not barred by Heck.[14]  See Heck, 512 U.S. at 486 n. 6.

The District Court also concluded that Count One was Heck-barred because Spone had not received a "favorable termination" on her underlying criminal prosecution.  In so holding, the District Court noted that the harassment charges ended in conviction, but did not assess whether the cyber harassment charges tewrminated favorably.  Chiaverini, 602 U.S. at 562, 564 (where allegedly "'groundless charges' are 'coupled with others which are well founded,'" "courts should evaluate [the] suit[] … charge by charge") (quoting Boogher v. Bryant, 86 Mo. 42, 49 (1885)).  Doing so here, it is clear that Spone's cyber harassment charges "favorabl[y] terminat[ed]" under Heck.  See Thompson, 596 U.S. at 39 (to establish favorable termination, "a plaintiff need only show that his prosecution ended without a conviction").

Finally, because Count One was not barred by Heck, the District Court's conclusion that Count One could not be amended until some date uncertain when Spone's harassment charges were vacated or otherwise invalidated was erroneous.  For the foregoing reasons, we will affirm the dismissal of Count One but remand for the District Court to consider leave to amend, without regard to Heck, should Spone seek such

---

[14]  The District Court appears to have assumed that because Spone was convicted of a crime that shared an element with cyber harassment, Count One was Heck-barred.  The District Court did not have the benefit of the Supreme Court's opinion in Chiaverini v. City of Napoleon, Ohio, however, where the Supreme Court held that a claim alleging that a charge was baseless "may succeed [even] when [that] charge [wa]s accompanied by a valid charge" because claims should be assessed "charge by charge."  602 U.S. 556, 562 (2024).

leave.[15]

B.    Spone's § 1983 defamation claim

We will affirm the District Court's dismissal of Count Two.  In Count Two, Spone

argues that Weintraub "embarked upon a vitriolic public campaign designed to damage

the personal reputation of [Spone] in violation of the Fourteenth Amendment[.]"  App.

111.  Reading Spone's allegations in the light most favorable to her, we take Spone to

argue that Weintraub's allegedly defamatory comments deprived her of her Fourteenth

Amendment liberty interest in her reputation without procedural due process, subjecting

Weintraub to liability under § 1983.  She appears to also allege that Reiss is liable for the

same violation because he included defamatory statements in affidavits of probable cause

submitted to secure both the search warrant and the criminal complaint.[16]  Because Spone

failed to plead the elements of a Fourteenth Amendment defamation claim, we will affirm

the District Court's dismissal of Count Two.

 "Where a person's good name, reputation, honor, or integrity is at stake because

of what the government is doing to him, notice and an opportunity to be heard are

essential."  Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971).  However,

---

[15]    In ruling on a potential motion for leave to amend Spone's complaint, the District
Court may consider the immunity arguments raised by Weintraub in his motion to
dismiss Spone's Complaint as such arguments may suggest the futility of amendment as
to Weintraub.  See Thomas v. Indep. Twp., 463 F.3d 285, 302 (3d Cir. 2006).

[16]    Spone also names Bell in Count Two of her Complaint.  She does not allege that
Bell actually made public statements about her, let alone statements that were
defamatory.  Accordingly, we affirm the dismissal of Count Two as to Bell for failing to
plausibly allege any facts supporting this claim.

defamation, "standing alone and apart from any other governmental action," is only a common law or state tort. Paul v. Davis, 424 U.S. 693, 694, 712 (1976) (explaining that damage to reputation alone is best vindicated with a state defamation claim). To state a *constitutional* tort under the Fourteenth Amendment, a plaintiff must allege "defamation … occur[ing] in the course of or [ ] accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." Clark v. Twp. of Falls, 890 F.2d 611, 619 (3d Cir. 1989). That is, "a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest." Dee v. Borough of Dunmore, 549 F.3d 225, 233–34 (3d Cir. 2008) (quotations omitted). "We have referred to this as the 'stigma-plus' test." Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006).

Count Two of Spone's Complaint contains no allegation of a deprivation beyond the harm to Spone's reputation. That is, she alleges "stigma," but no "plus." The shortcomings in Spone's pleadings are made clear by comparison to Paul, where the Supreme Court rejected an argument nearly identical to Spone's claim here. Specifically, in Paul, the plaintiff was arrested and charged with shoplifting. Paul, 424 U.S. at 695. Police then put the plaintiff's picture on a flyer alerting business owners of shoplifters in the area. Id. at 696. After the flyers were posted, the shoplifting case against the plaintiff was dismissed. Id. The Paul plaintiff subsequently brought a "due process claim ... grounded upon his assertion that the flyer ... impermissibly deprived him of some 'liberty' protected by the Fourteenth Amendment." Id. at 697. The Supreme Court flatly rejected this claim, stating:

If respondent's view is to prevail, a person arrested by law enforcement

14

officers who announce that they believe such person to be responsible for a particular crime in order to calm the fears of an aroused populace, presumably obtains a claim against such officers under § 1983. … It is hard to perceive any logical stopping place to such a line of reasoning. Respondent's construction would seem almost necessarily to result in every legally cognizable injury which may have been inflicted by a state official acting under "color of law" establishing a violation of the Fourteenth Amendment.

424 U.S. at 698–99. Ultimately, the Supreme Court in Paul found that the plaintiff's claim failed because he had not "assert[ed] [a] denial of any right vouchsafed to him by the State and thereby protected under the Fourteenth Amendment" in conjunction with the alleged harms inflicted upon his reputation. Id. at 712.

Here, Weintraub's post-charging statements are analogous to the flyer in Paul, while Reiss's affidavit statements are analogous to the instrument charging Paul with theft. As in Paul, the public was informed of Spone's charges which were later dismissed. Like the plaintiff in Paul, she has alleged no deprivation in addition to harm to her reputation that resulted from Weintraub's or Reiss's statements.[17] Thus, as in Paul, Spone has not adequately alleged any "plus" to her stigma.[18]

---

[17] While Spone gestured towards a harm to her employment in Count *One*, she made no such allegations in Count Two. Even if she had, such a claim would fail for several reasons, including a failure to allege why statements related to her dismissed cyber harassment *charges* would preclude her from working, while her harassment *convictions* would not.

[18] Spone did not amend her Complaint within the 30 days granted by the District Court, and instead, filed this appeal. Thus, Spone elected to stand on her Complaint, including Count Two. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992). Accordingly, on remand, the District Court need not consider whether amendment of Count Two, which was dismissed without prejudice, would be futile.

Because Spone has failed to properly plead the elements of a § 1983 defamation claim under the Fourteenth Amendment, the District Court did not err in dismissing Count Two without prejudice.[19]

C.      Spone's remaining arguments

Because Spone's remaining arguments depend on her having successfully stated a claim in Counts One and Two, and because she did not, her arguments also fail as to her Monell claim and her state law claims. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978) (municipal liability under Monell requires an "action that [has been] alleged to be unconstitutional"); 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction").

III.    Conclusion

For the foregoing reasons, the District Court did not err in dismissing Spone's Complaint. Because Count One was not barred by the Heck doctrine, we will reverse as

---

[19] Judge Freeman does not join Section II.B of this Opinion. She would reverse the District Court's dismissal of Count Two. In her view, Spone alleged facts supporting that Weintraub and Reiss caused a stigma to her reputation plus deprivation of some additional right or interest. Specifically, Spone alleged that Weintraub and Reiss falsely stated that she committed cyber harassment, and Weintraub did not dismiss the cyber harassment charges until one year later, on the first day of trial. Spone alleged that these actions forced her to prepare a trial defense against charges that Weintraub and Reiss knew were inapplicable. At the pleading stage, Judge Freeman would conclude that these allegations sufficiently state a "plus" and distinguish Spone's case from Paul v. Davis. Judge Freeman also notes that Count Two relies in part on Weintraub's statements at press conferences, and "a prosecutor is not entitled to absolute immunity when holding a press conference." Donahue v. Gavin, 280 F.3d 371, 377 n.15 (3d Cir. 2002).

to that Count and remand for proceedings consistent with this opinion.